■ AARON MENZEL et al., Respondents, v STEVEN S. PLOTNICK et al., Appellants, et al., Defendants. [610 NYS2d 50] —In an action to recover damages for medical malpractice, etc., the defendants Steven S. Plotnick and Nassau Hospital appeal from an order of the Supreme Court, Nassau County (Levitt, J.), dated April 1, 1992, which denied their respective motions for summary judgment dismissing the complaint insofar as it is asserted against each of them.

Ordered that the order is affirmed, with one bill of costs.

The Court of Appeals has stated that "the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact [and the] [f]ailure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *see, Yelin v American Dental Ctr.*, 184

AD2d 693). Here, the defendant Steven S. Plotnick failed to submit a sworn affidavit establishing his freedom from negligence. The letter/report from his expert to his attorneys was not sworn to, and, therefore, was not evidentiary material in admissible form and was without probative value (see, *Simms v North Shore Univ. Hosp.*, 192 AD2d 700; *see also*, *Daum v Auburn Mem. Hosp.*, 198 AD2d 899). His attorney's affirmation and remaining exhibits were insufficient to support his summary judgment motion (see, e.g., *Schaefer v Marchiano*, 193 AD2d 664). Accordingly, Plotnick never made a prima facie showing that he was entitled to summary judgment in the first place.

Although the defendant Nassau Hospital did submit an expert's affidavit, the well known general rule is that summary judgment will only be granted if there are no material and triable issues of fact (see, *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404). Issue finding, as opposed to issue determination, is the key to summary judgment (see, *Krupp v Aetna Life & Cas. Co.*, 103 AD2d 252, 261), and the court should refrain from resolving issues of credibility (see, *Capelin Assocs. v Globe Mfg. Corp.*, 34 NY2d 338, 341). Furthermore, the papers should be scrutinized carefully in the light most favorable to the party opposing the motion (see, *Robinson v Strong Mem. Hosp.*, 98 AD2d 976). In the instant case, the plaintiffs submitted the sworn affidavit of a medical expert who set forth his qualifications, and who stated, after having reviewed the hospital and medical records, that the defendants were negligent and that their negligence affected the injured plaintiff's condition. Moreover, the plaintiffs' medical expert set forth the specific factors appearing in the hospital and medical records which led him to his conclusions. Thus, contrary to the appellants' arguments, the affidavit was sufficient to raise a triable issue of fact as to the hospital's negligence (see, *Somoza v St. Vincent's Hosp. & Med. Ctr.*, 192 AD2d 429; *also*, *Hughes v Temple*, 187 AD2d 956; *cf.*, *Wert v Lenox Hill Hosp.*, 151 AD2d 474). Mangano, P. J., Bracken, Balletta and Hart, JJ., concur.