■ MICHAEL LONGO, Appellant, v WOODLAWN VETERANS MUTUAL HOUSING COMPANY, INC., et al., Respondents. [639 NYS2d 344]

In this personal injury action, plaintiff alleged that he fell

while descending an outdoor step ramp. At a deposition, he testified that the steps were free of debris, not cracked or broken, free of obstruction, and that he did not know what caused him to fall. The plaintiff was asked whether he felt that the slope of the step ramp presented any difficulty, and responded that he could not answer that question.

In opposition to the defendants' motion for summary judgment, plaintiff submitted an affidavit from a professional engineer, which detailed facts supporting the conclusion that the step ramp was hazardous in design and construction, as well as being in violation of New York City and New York State building codes. The engineer further described that the hazard would cause a person to continuously change pace to avoid tripping, and that the uniform coloration of the step ramp created an intrinsic camouflage resulting in additional hazard.

Plaintiff identified the exact location of the accident, described his forward fall, and submitted an engineer's affidavit detailing the hazardous condition. He explained that he did not learn about the details of the defect in the step ramp, which created the hazard, until after his deposition, when he received the expert's report. Questions of fact are present sufficient to defeat summary judgment (CPLR 3212 [b]; *see, Menzel v Plotnick*, 202 AD2d 558, 559). Concur—Rosenberger, J. P., Ellerin, Rubin and Nardelli, JJ.