■ CRISTINA F. CARDINAL, Appellant, v LUCIEN CARDINAL, Respondent. [713 NYS2d 370] —In an action for a divorce and ancillary relief, the plaintiff appeals (1) from a decision of the Supreme Court, Westchester County (Lefkowitz, J.), entered May 4, 1999, (2) from an order of the same court entered May 13, 1999, (3) as limited by her brief, from so much of an order of the same court dated May 25, 1999, as granted those branches of the defendant's cross motion which were to direct the plaintiff to transfer her interest in the marital residence to him in accordance with the parties' separation agreement and for a judgment for child support arrears in the amount of $24,179.52, and (4) from an order of the same court, entered June 15, 1999, which denied her motion, in effect, to set aside the separation agreement.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the appeal from the order entered May 13, 1999, is dismissed as abandoned; and it is further,

Ordered that the order dated May 25, 1999, is reversed insofar as appealed from, on the law, that branch of the

defendant's cross motion which was for a judgment for child support arrears is denied; and it is further,

Ordered that the order entered June 15, 1999, is reversed, on the law, and the matter is remitted to the Supreme Court, Westchester County, for a hearing on the plaintiff's motion to set aside the separation agreement and on those branches of the defendant's cross motion which were to direct the plaintiff to transfer her interest in the marital residence to him and for an interim determination of child support pursuant to the Child Support Standards Act; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The Supreme Court erred in denying the plaintiff's motion, in effect, to set aside the parties' separation agreement without first conducting a hearing. In view of the fiduciary relationship existing between spouses, separation agreements are more closely scrutinized by the courts than ordinary contracts. A separation agreement may be set aside upon a showing of fraud or duress, or where the agreement is manifestly unfair to a spouse because of the other's overreaching (see, *Christian v Christian,* 42 NY2d 63; *Paruch v Paruch,* 140 AD2d 418).

The evidence in the record concerning the plaintiff's mental condition at the time the separation agreement was executed, the circumstances under which it was executed, and the terms of the agreement itself, are sufficient to create an inference of overreaching by the defendant which requires further inquiry. Accordingly, the Supreme Court erred in denying, without a hearing, the plaintiff's motion to set aside the agreement. That branch of the defendant's cross motion which sought enforcement of the provision of the agreement concerning the marital residence must await a determination as to the validity of the agreement.

Regardless of whether the plaintiff prevails at the hearing on her claim that the entire agreement is invalid, the child support provisions contained therein are invalid and unenforceable. The child support provisions violated the Child Support Standards Act (Domestic Relations Law § 240 [1-b]; hereinafter the CSSA) in that the agreement failed to include provisions stating the amount of child support that would have been awarded under the CSSA, including the amounts for child care and medical care costs, and the reasons for deviating from the CSSA amount (see, *Tartaglia v Tartaglia,* 260 AD2d 628; *Vernon v Vernon,* 239 AD2d 108; *Matter of Bill v Bill,* 214 AD2d 84; Domestic Relations Law § 240 [1-b] [h]). Since the provisions of the agreement relating to child support must be vacated (see, *Toussaint v Toussaint,* 270 AD2d 338), that

branch of the defendant's cross motion which sought a judgment for child support arrears is denied. The matter is remitted to the Supreme Court for a determination of the amount of the plaintiff's child support obligation which complies with the CSSA and for an interim award of child support.

The plaintiff's remaining contentions are without merit. Mangano, P. J., O'Brien, Sullivan and H. Miller, JJ., concur.