■ BRIAN J. KAVANAGH, Appellant, v JULIA R. KAVANAGH, Respondent. [768 NYS2d 622]—

In an action to set aside a stipulation of settlement which was incorporated but not merged into the parties' judgment of divorce, the plaintiff appeals from an order of the Supreme Court, Westchester County (Spolzino, J.), entered May 2, 2003, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is denied, and the complaint is reinstated.

The stipulation of settlement entered into by the parties, which was incorporated but not merged into their judgment of divorce, was drafted by the defendant's attorney. It provided, in pertinent part, that the defendant would receive one half of the recovery of both a workers' compensation case and a personal injury action that the plaintiff had pending. The plaintiff alleges that he was advised not to secure independent counsel and claims, inter alia, that the defendant's attorney misrepresented the defendant's legal right to these awards. The plaintiff commenced this action seeking to set aside the stipulation of the settlement, and the defendant moved for summary judgment dismissing the complaint.

The courts favor stipulations of settlement and do not set

them aside lightly (*see Gilbert v Gilbert,* 291 AD2d 479 [2002]); however since stipulations of settlement involve fiduciary relationships and the sanctity of the marriage relationship, they are held to a higher standard of equity. A court may, accordingly, set aside a stipulation of settlement on grounds that would be not be sufficient to set aside an ordinary contract (*see Christian v Christian,* 42 NY2d 63, 72 [1977]). "[N]o actual fraud need be shown, for relief will be granted if the settlement is manifestly unfair to a spouse because of the other's overreaching . . . in its execution" (*id.* at 72-73). Moreover, while evidence that one spouse was not represented by counsel is insufficient, standing alone, to find such overreaching, it is a significant consideration when determining whether the parties entered into the stipulation freely and fairly (*see Jaus v Jaus,* 168 AD2d 487, 488 [1990]; *cf. Levine v Levine,* 56 NY2d 42, 48 [1982]).

Accepting the plaintiff's version of the facts as true for the purpose of opposing this motion in which the defendant established a prima facie case for summary judgment (*see Menzel v Plotnick,* 202 AD2d 558 [1994]; *Blake-Veeder Realty v Crayford,* 110 AD2d 1007 [1985]), he raised a question of fact as to whether the circumstances surrounding the execution of the stipulation were manifestly unfair.

Accordingly, the Supreme Court erred in granting the defendant's motion for summary judgment dismissing the complaint. Santucci, J.P., Krausman, Cozier and Mastro, JJ., concur.