■ LISA J. KERR, Respondent, v PATRICK M. KERR, Appellant. [779 NYS2d 246]—

In an action for rescission of a separation agreement, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated May 9, 2003, as denied his motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

A separation agreement may be set aside upon a showing of fraud or duress, or where the agreement is manifestly unfair to a spouse because of the other spouse's overreaching (*see Christian v Christian,* 42 NY2d 63 [1977]; *Cardinal v Cardinal,* 275 AD2d 756, 757 [2000]). To rescind a separation agreement on the ground of overreaching, a plaintiff must demonstrate both

overreaching and unfairness (*see Levine v Levine*, 56 NY2d 42, 47 [1982]). Although courts may examine the terms of the agreement as well as the surrounding circumstances to ascertain whether there has been overreaching, the general rule is that if the execution of the agreement is fair, no further inquiry will be made (*see Levine v Levine, supra* at 47; *Christian v Christian, supra* at 73).

The plaintiff alleged that the defendant, an attorney in a matrimonial law firm, agreed to represent her in the execution of their own separation agreement, that he asked the plaintiff not to speak to any other attorney, and that he misrepresented the law and failed to fully disclose her legal rights on the issues of child support and equitable distribution. The defendant denied the allegation that he represented the plaintiff, pointing to the plaintiff's initials on the page of the separation agreement containing an acknowledgment that the parties were without legal representation.

Although the defendant's evidence demonstrated his prima facie entitlement to summary judgment, accepting the plaintiff's versions of the facts as true for the purpose of this motion (*see Kavanagh v Kavanagh*, 2 AD3d 688 [2003]; *Menzel v Plotnick*, 202 AD2d 558 [1994]), she raised a triable issue of fact as to whether the circumstances surrounding the execution of the agreement were manifestly unfair (*see Kavanagh v Kavanagh, supra*). Therefore, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint (*see Niosi v Niosi*, 205 AD2d 514 [1994]).

Contrary to the defendant's contention, since the plaintiff commenced this action soon after she discovered the alleged misrepresentations and omissions by the defendant, the action was not barred by her accepting benefits and making child support payments under the agreement for over three years following its execution (*see Murphy v Murphy*, 212 AD2d 583 [1995]).

In view of the foregoing, we need not reach the defendant's remaining contentions. Santucci, J.P., Schmidt, Rivera and Lifson, JJ., concur.