■ Ronald Reiss, Appellant, v Stella Reiss, Respondent. [803 NYS2d 633]—In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Westchester County (Dillon, J.), dated May 27, 2004, which denied his motion to vacate the parties' post-nuptial agreement, and granted that branch of the defendant's cross motion which was to enforce that agreement only to the extent of directing the parties to submit papers on the issue of counsel fees.

Ordered that the appeal from so much of the order as granted that branch of the defendant's cross motion which was to enforce the post-nuptial agreement to the extent of directing the parties to submit papers on the issue of counsel fees is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

We dismiss the appeal from so much of the order as granted

that branch of the defendant's cross motion which was to enforce the post-nuptial agreement only to the extent of directing the parties to submit papers on the issue of counsel fees. That portion of the order did not determine the cross motion and does not affect a substantial right; thus, it is not appealable as of right (*see* CPLR 5701 [a] [2] [v]; *Matter of James,* 5 AD3d 487, 488 [2004]), and leave to appeal has not been granted.

The Supreme Court properly denied the plaintiff's motion to vacate the parties' post-nuptial agreement. Viewing the challenged agreement in its entirety, and examining the totality of the circumstances in this case, we find that the agreement is not unconscionable (*see Christian v Christian,* 42 NY2d 63 [1977]; *Chambers v McIntyre,* 5 AD3d 344 [2004]; *Golfinopoulos v Golfinopoulos,* 144 AD2d 537, 538 [1988]; *Juliani v Juliani,* 143 AD2d 72, 75 [1988]).

The plaintiff's remaining contention is without merit. H. Miller, J.P., Cozier, Ritter and Spolzino, JJ., concur.