■ DAVID REINER, Respondent, v MONICA REINER, Appellant. [874 NYS2d 143]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Bivona, J.), dated June 25, 2007, as granted that branch of the plaintiff's motion which was for summary judgment dismissing her counterclaims to rescind the separation agreement.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's counterclaims to rescind the separation agreement is denied.

" 'A separation agreement or stipulation which is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability' " (*Rubin v Rubin*, 33 AD3d 983 [2006], quoting *Brennan-Duffy v Duffy*, 22 AD3d 699 [2005]). The party moving for summary judgment to dismiss a counterclaim for rescission "must make a prima facie showing that the agreement should not be set aside and, in opposition, the spouse seeking to rescind the agreement must demonstrate the existence of a triable issue of fact sufficient to raise an inference of fraud, duress, overreaching, or unconscionability" (*Rubin v Rubin*, 33 AD3d at 985).

Here, the separation agreement (hereinafter the agreement) provided, inter alia: "[E]ach party hereby represents to the other that . . . financial representations made herein are in all respects complete and truthful . . . and understands that the other party has entered into this Agreement in reliance on such representations. Should any material representation turn out to be substantially and materially false, such party's reliance thereon in error shall be deemed sufficient reason to set aside the financial terms of this Agreement."

While the plaintiff demonstrated his prima facie entitlement to summary judgment dismissing the defendant's counterclaims to rescind the separation agreement, accepting the defendant's version of the facts as true for the purpose of this motion (*see Kavanagh v Kavanagh,* 2 AD3d 688 [2003]; *Menzel v Plotnick,* 202 AD2d 558 [1994]), she raised a triable issue of fact as to whether the plaintiff materially misrepresented the valuations of the marital real property. In particular, in opposition to the plaintiff's motion, the defendant submitted appraisals which indicated that said properties had been significantly undervalued by the plaintiff, a real estate broker, at the time when the parties executed the agreement.

Therefore, the defendant demonstrated that "the circumstances surrounding the execution of the agreement [may have been] manifestly unfair" (*Kerr v Kerr,* 8 AD3d 626, 627 [2004]), and also set forth a basis to set aside the agreement under the unambiguous terms of the agreement itself (*see generally Matter of Meccico v Meccico,* 76 NY2d 822, 823-824 [1990]). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's counterclaims to rescind the agreement (*see Kerr v Kerr,* 8 AD3d 626 [2004]).

In view of the foregoing, we need not reach the defendant's remaining contentions. Skelos, J.P., Ritter, Santucci and Carni, JJ., concur.