■ S.M.S. KABIR, Respondent, v RASHIDA KABIR, Appellant. [926 NYS2d 158]—

In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated February 9, 2010, which denied her motion, inter alia, to set aside the parties' separation agreement.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for further financial disclosure and a hearing to determine whether the separation agreement should be set aside, and a new determination on the motion thereafter.

"A separation agreement or stipulation of settlement which is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability" (*Linder v Linder*, 297 AD2d 710, 711 [2002]; *see Brennan-Duffy v Duffy*, 22 AD3d 699 [2005]; *Cohn v Cohn*, 15 AD3d 332 [2005]; *O'Beirne v O'Beirne*, 5 AD3d 572, 573 [2004]). Although judicial review of such agreements is to be exercised sparingly, with the goal of encouraging parties to settle their differences by themselves (*see Christian v Christian*, 42 NY2d 63, 71-72 [1977]; *Korngold v Korngold*, 26 AD3d 358 [2006]), "courts have thrown their cloak of protection" over postnuptial agreements, "and made it their business, when confronted, to see to it that they are arrived at fairly and equitably, in a manner so as to be free from the taint of fraud and duress, and to set aside or refuse to enforce those born of and subsisting in inequity" (*Christian v Christian*, 42 NY2d at 72; *see Santini v Robinson*, 68 AD3d 745, 749 [2009]). Thus, "[i]n view of the fiduciary relationship existing between spouses, separation agreements are more closely scrutinized by the courts than ordinary contracts" (*Cardinal v Cardinal*, 275 AD2d 756, 757 [2000]; *see Christian v Christian*, 42 NY2d at 72).

Applying these principles here, the Supreme Court erred in denying the motion of the defendant (hereinafter the wife) which was, inter alia, to set aside the separation agreement and open the matter for further financial disclosure and a fact-finding hearing. A reviewing court examining a challenge to a

postnuptial agreement will view the agreement in its entirety and under the totality of the circumstances (*see Reiss v Reiss*, 21 AD3d 1073, 1074 [2005]). However, without a hearing to determine the totality of the circumstances, including the extent of the parties' assets, and the circumstances surrounding the execution of the agreement, it cannot be determined on this record whether or not equity should intervene to invalidate the parties' agreement.

Here, the allegations set forth in the wife's affidavit in support of her motion, if proven, were sufficient to create an inference that the separation agreement was not valid. The wife has alleged that the plaintiff (hereinafter the husband) concealed numerous assets of which she did not become aware until 2009, two years after the parties' July 11, 2007, separation agreement was executed. The wife supported these allegations with deeds to real property, affidavits, and other documents tending to show that the husband concealed assets. Moreover, the wife was not represented by counsel, and was neither fluent in English nor aided by a trained interpreter when she signed the separation agreement (*see Juliani v Juliani*, 143 AD2d 72, 74 [1988]). Under these facts, the Supreme Court should have exercised its equitable powers and directed further financial disclosure, to be followed by a hearing to test the validity of the settlement agreement (*see Berkman v Berkman*, 287 AD2d 426 [2001]; *Christian v Christian*, 42 NY2d 63 [1977]). Covello, J.P., Leventhal, Lott and Miller, JJ., concur.