MARZENA JON, Appellant, v GRZEGORZ WALDEMAR JON, Respondent. [1 NYS3d 151]—

In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (Steinman, J.), dated April 2, 2014, which denied, without a hearing, her motion to set aside a stipulation of settlement entered into by the parties on March 3, 2014.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

"Marital settlement agreements are judicially favored and are not to be easily set aside" (*Simkin v Blank*, 19 NY3d 46, 52 [2012]). However, because of the fiduciary relationship existing between spouses, " '[a] stipulation of settlement should be closely scrutinized and may be set aside upon a showing that it is unconscionable or the result of fraud, or where it is shown to be manifestly unjust because of the other spouse's overreaching' " (*Potter v Potter*, 116 AD3d 1021, 1022 [2014], quoting *Cruciata v Cruciata*, 10 AD3d 349, 350 [2004]; *see Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *Kabir v Kabir*, 85 AD3d 1127 [2011]).

"To rescind a separation agreement on the ground of overreaching, a plaintiff must demonstrate both overreaching and

unfairness" (*Kerr v Kerr*, 8 AD3d 626, 626-627 [2004]; *see Levine v Levine*, 56 NY2d 42, 47 [1982]; *Reiner v Reiner*, 59 AD3d 420, 421 [2009]). " '[N]o actual fraud need be shown, for relief will be granted if the settlement is manifestly unfair to a spouse because of the other's overreaching . . . in its execution' " (*Kavanagh v Kavanagh*, 2 AD3d 688, 689 [2003], quoting *Christian v Christian*, 42 NY2d 63, 72-73 [1977]). "[C]ourts may examine the terms of the agreement *as well as the surrounding circumstances* to ascertain whether there has been overreaching" (*Kerr v Kerr*, 8 AD3d at 627 [emphasis added]; *see Reiner v Reiner*, 59 AD3d at 421). However, generally, if the execution of the agreement is fair, no further inquiry will be made (*see Kerr v Kerr*, 8 AD3d at 627). "[W]hile evidence that one spouse was not represented by counsel is insufficient, standing alone, to find such overreaching, it is a significant consideration when determining whether the parties entered into the stipulation freely and fairly" (*Kavanagh v Kavanagh*, 2 AD3d at 689). "[C]ourts have thrown their cloak of protection [over] separation agreements and made it their business, when confronted, to see to it that they are arrived at fairly and equitably, in a manner so as to be free from the taint of fraud and duress, and to set aside or refuse to enforce those born of and subsisting in inequity" (*Christian v Christian*, 42 NY2d at 72).

Initially, the Supreme Court properly considered the plaintiff's arguments and evidence raised for the first time in her reply papers. Contrary to the defendant's contention, review of these contentions on the merits was proper because the defendant availed himself of a fair opportunity to oppose them at the oral argument of the motion (*see e.g. Guryev v Tomchinsky*, 114 AD3d 723, 724 [2014]; *Hanscom v Goldman*, 109 AD3d 964, 965 [2013]; *Hoffman v Kessler*, 28 AD3d 718, 719 [2006]).

However, the Supreme Court erred in denying, without a hearing, the plaintiff's motion to set aside the parties' stipulation of settlement. A reviewing court examining a challenge to a stipulation of settlement will view the agreement in its entirety and under the totality of the circumstances (*see Kabir v Kabir*, 85 AD3d at 1127-1128; *Reiss v Reiss*, 21 AD3d 1073, 1074 [2005]). Under the circumstances of this case, the plaintiff raised an inference that the stipulation of settlement was invalid, sufficient to warrant a hearing to test the validity of the stipulation of settlement (*see Kabir v Kabir*, 85 AD3d at 1128; *Cardinal v Cardinal*, 275 AD2d 756, 757 [2000]; *Peters v Peters*, 150 AD2d 763 [1989]).

The plaintiff's remaining contentions are either improperly raised for the first time on appeal or without merit. Rivera, J.P., Roman, Duffy and Barros, JJ., concur.