■ SANDRA L. HUGHES, Respondent, v NEVILLE T. HUGHES, Appellant. [16 NYS3d 861]—

Appeal from an order of the Supreme Court, Suffolk County (Stephen M. Behar, J.), dated May 13, 2013. The order, insofar

as appealed from, denied those branches of the defendant's motion which were to fix a specific and detailed parenting time schedule and to vacate a stipulation of settlement executed by the parties on March 12, 2010.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

After the plaintiff commenced this action for a divorce and ancillary relief, the parties signed a stipulation of settlement that included provisions relating to, inter alia, visitation. Thereafter, the defendant moved, by order to show cause, among other things, to fix a specific and detailed parenting time schedule and to vacate the stipulation of settlement on the ground that it was unconscionable. After a hearing, the Supreme Court denied the defendant's motion.

" 'A separation agreement or stipulation of settlement which is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability' " (*Kabir v Kabir*, 85 AD3d 1127, 1127 [2011], quoting *Linder v Linder*, 297 AD2d 710, 711 [2002]; *see Cioffi-Petrakis v Petrakis*, 72 AD3d 868 [2010]; *Rubin v Rubin*, 33 AD3d 983 [2006]). The only contention made by the appellant here is that the stipulation of settlement was unconscionable. " 'An unconscionable bargain is one which no person in his or her senses and not under delusion would make on the one hand, and no honest and fair person would accept on the other, the inequality being so strong and manifest as to shock the conscience and confound the judgment of any person of common sense' " (*Cioffi-Petrakis v Petrakis*, 72 AD3d at 868-869, quoting *Morad v Morad*, 27 AD3d 626, 627 [2006]; *see Christian v Christian*, 42 NY2d 63, 71 [1977]). Here, the stipulation of settlement was not unconscionable merely because it obligated the defendant to pay $100,000 to the plaintiff and to pay the mortgage on the martial residence, as the stipulation provided the defendant with meaningful bargained-for benefits such as, inter alia, the ownership interest in the parties' marital residence as well as three investment properties.

Modification of a court-approved stipulation setting forth terms of visitation is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the best interests and welfare of the child or children (*see Kollmar v Kollmar*, 100 AD3d 712 [2012]; *Matter of Boggio v Boggio*, 96 AD3d 834 [2012]; *Matter of Leichter-Kessler v Kessler*, 71 AD3d 1148 [2010]). Here, the defendant failed to demonstrate that there had been ·a change in circumstances such that modification of the visitation provi-

sions by fixing a specific visitation schedule was required to protect the best interests of the children. The defendant's remaining contention is without merit.

Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was to fix a specific and detailed parenting time schedule. Leventhal, J.P., Chambers, Austin and Miller, JJ., concur.