Mizrahi v Mizrahi (2019 NY Slip Op 03040)





Mizrahi v Mizrahi


2019 NY Slip Op 03040


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-07165
2016-09483
 (Index No. 13144/15)

[*1]Nira Mizrahi, appellant,
v
Eitan Mizrahi, respondent.


Wisselman & Associates, Great Neck, NY (Lisa M. Gardner of counsel), for appellant.
Kayser & Redfern, LLP, New York, NY (Declan P. Redfern of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief and to set aside a separation agreement, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Margaret Parisi McGowan, J.), dated April 21, 2016, and (2) an order of the same court entered August 8, 2016. The order dated April 21, 2016, denied the plaintiff's motion to set aside the parties' separation agreement, in effect, granted that branch of the defendant's cross motion which was to dismiss the causes of action seeking to set aside the separation agreement, and, sua sponte, awarded the defendant attorney's fees in the sum of $4,000. The order entered August 8, 2016, insofar as appealed from, upon reargument, adhered to the original determination in the order dated April 21, 2016. Presiding Justice Scheinkman has been substituted for former Justice Sgroi (see 22 NYCRR 1250.1[b]).
ORDERED that on the Court's own motion, the notice of appeal from so much of the order dated April 21, 2016, as, sua sponte, awarded the defendant attorney's fees in the sum of $4,000 is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated April 21, 2016, is reversed, on the law, the order entered August 8, 2016, is vacated, and the matter is remitted to the Supreme Court, Queens County, for financial disclosure and a hearing to determine whether the parties' separation agreement should be set aside, and a new determination thereafter of the plaintiff's motion to set aside the parties' separation agreement and that branch of the defendant's cross motion which was to dismiss the causes of action seeking to set aside the separation agreement; and it is further,
ORDERED that the appeal from the order entered August 8, 2016, is dismissed as academic in light of our determination on the appeal from the order dated April 21, 2016; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The parties were married on August 15, 1996, and have two children together. On January 15, 2015, the parties entered into a separation agreement. In January 2016, the plaintiff commenced this action for a divorce and ancillary relief and interposed causes of action seeking to set aside the separation agreement. The plaintiff thereafter moved to set aside the separation agreement on the ground, inter alia, of unconscionability, and the defendant cross-moved, among other things, to dismiss the causes of action seeking to set aside the separation agreement. The Supreme Court denied the plaintiff's motion, in effect, granted that branch of the defendant's cross motion which was to dismiss the causes of action seeking to set aside the separation agreement, and, sua sponte, determined that the defendant was entitled to an award of attorney's fees pursuant to the terms of the separation agreement and awarded the defendant attorney's fees in the sum of $4,000 for fees expended in opposing the motion. The plaintiff thereafter moved for leave to reargue her prior motion and, in effect, her opposition to that branch of the defendant's cross motion which was to dismiss the causes of action seeking to set aside the separation agreement. The court granted reargument and, upon reargument, adhered to its original determination. The plaintiff appeals.
"Agreements between spouses . . . involve a fiduciary relationship requiring the utmost of good faith. There is a strict surveillance of all transactions between married persons, especially separation agreements. Equity is so zealous in this respect that a separation agreement may be set aside on grounds that would be insufficient to vitiate an ordinary contract" (Christian v Christian, 42 NY2d 63, 72 [citations omitted]).
"Generally, separation agreements which are regular on their face are binding on the parties, unless and until they are put aside" (id. at 71). "Judicial review is to be exercised circumspectly, sparingly and with a persisting view to the encouragement of parties settling their own differences in connection with the negotiation of property settlement provisions. Furthermore, when there has been full disclosure between the parties, not only of all relevant facts but also of their contextual significance, and there has been an absence of inequitable conduct or other infirmity which might vitiate the execution of the agreement, courts should not intrude so as to redesign the bargain arrived at by the parties on the ground that judicial wisdom in retrospect would view one or more of the specific provisions as improvident or one-sided" (id. at 71-72 [emphasis added]).
"A separation agreement or stipulation of settlement which is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability" (Linder v Linder, 297 AD2d 710, 711; see Hughes v Hughes, 131 AD3d 1207, 1208; Kabir v Kabir, 85 AD3d 1127, 1127). However, because of the fiduciary relationship existing between spouses, a marital agreement should be closely scrutinized and may be set aside upon a showing that it is unconscionable or the result of fraud or where it is shown to be manifestly unjust because of the other spouse's overreaching (see Jon v Jon, 123 AD3d 979; Potter v Potter, 116 AD3d 1021, 1022). To rescind a separation agreement on the ground of overreaching, a plaintiff must demonstrate both overreaching and unfairness (see Jon v Jon, 123 AD3d at 979; Kerr v Kerr, 8 AD3d 626, 626-627).
"In general, an unconscionable contract has been defined as one which is so grossly unreasonable as to be unenforceable because of an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party" (King v Fox, 7 NY3d 181, 191; see Gillman v Chase Manhattan Bank, 73 NY2d 1, 10; Simar Holding Corp. v GSC, 87 AD3d 688, 689). " This definition reveals two major elements which have been labeled by commentators, procedural and substantive unconscionability'" (Simar Holding Corp. v GSC, 87 AD3d at 689, quoting State of New York v Wolowitz, 96 AD2d 47, 67). " The procedural element of unconscionability concerns the contract formation process and the alleged lack of meaningful choice; the substantive element looks to the content of the contract, per se'" (Simar Holding Corp. v GSC, 87 AD3d at 689, quoting State of New York v Wolowitz, 96 AD2d at 67).
A reviewing court examining a challenge to a separation agreement "will view the agreement in its entirety and under the totality of the circumstances" (Jon v Jon, 123 AD3d at 980; see Kabir v Kabir, 85 AD3d at 1127-1128; Reiss v Reiss, 21 AD3d 1073, 1074). Here, without a hearing to determine the totality of the circumstances, including the extent of the parties' incomes [*2]and assets and the circumstances surrounding the execution of the separation agreement, it cannot be determined on this record whether equity should intervene to invalidate the parties' separation agreement (see Kabir v Kabir, 85 AD3d at 1127-1128). The plaintiff raised an inference that the parties' separation agreement was invalid, sufficient to warrant a hearing (see Jon v Jon, 123 AD3d at 980).
It is undisputed that the separation agreement was the product of a mediation conducted by the attorney who prepared the document. The separation agreement reflects that the defendant retained counsel to represent him, while the plaintiff did not do so. While the plaintiff consulted with an attorney regarding the separation agreement, the agreement states, in bold print, that the plaintiff's consulting attorney advised her not to sign the agreement "based upon the fact that there has been no discovery in the matter whatsoever, and [the attorney's] considered opinion that the support provisions in the agreement are not adequate to meet the [plaintiff's] and children's basic needs."
The substantive terms of the agreement reveal that, at the time of execution, the plaintiff earned no income, and the defendant represented his income as $100,000 per year "based upon his ability to earn." The defendant agreed to pay $3,000 per month in child support for the parties' two children, and $500 per month in maintenance. The defendant agreed to provide health insurance for the children and to pay 75% of the children's medical expenses not covered by insurance, with the plaintiff to pay 25% of such expenses. No provision was made for the payment of the children's educational expenses, although the defendant agreed to pay a "possible" outstanding balance due to the children's private high school.
The separation agreement provided that the plaintiff would have exclusive use and occupancy of the marital residence, a rental apartment, and that the defendant would pay, for the period between January 15, 2015, and February 1, 2015, the rent, utilities, and carrying charges in connection with the apartment. From February 1, 2015, the plaintiff was responsible for such expenses. Each party was to retain his or her own personal property, except that the defendant waived any interest in rugs and other items in storage in Israel and agreed to pay the storage charges until October 1, 2015. The defendant agreed to pay the plaintiff a lump sum of $45,000, representing an equitable share in his business, identified as EMS 15A, LLC. The agreement did not identify this business as being claimed by the defendant as his separate property, did not describe the nature of the business, and did not place a value on the business. The agreement recited that the parties had waived their rights to disclosure and to the exchange of statements of net worth. The agreement provided that in the event that the validity of the agreement was unsuccessfully challenged, the challenging party would be responsible for the attorney fees and legal expenses of the defending party.
The Supreme Court denied the plaintiff's motion to set aside the separation agreement and, in effect, granted that branch of the defendant's cross motion which was to dismiss the causes of action challenging the agreement on the ground that the agreement was the product of a mediation, that the plaintiff was afforded the opportunity to consult with counsel, and that the plaintiff elected to sign the agreement, notwithstanding the advice of counsel not to do so. We disagree. These facts, standing alone, do not shield the separation agreement from judicial scrutiny. The validity of the agreement is dependent upon an examination of the totality of the circumstances, including an examination of the terms of the agreement, to see if there is an inference of overreaching (see Christian v Christian, 42 NY2d at 72-73). Moreover, the record discloses no information regarding who retained and paid for the services of the mediator, and how the mediator arrived at the substantive terms of the agreement.
It was undisputed that the monthly rent for the marital residence in Forest Hills, Queens, exceeded $5,200 per month. The amount of combined maintenance and child support, payable by the defendant to the plaintiff, who had no other income, was less than the monthly rent. Thus, the amount of support that the plaintiff was to receive was less than her housing expense, let alone sufficient to cover food, clothing, and other expenses. There is no indication that the plaintiff was expected to, or could, obtain reasonable alternative housing at lesser cost. The plaintiff's [*3]affidavit submitted in support of her motion indicated that she was in the process of being evicted from the marital residence due to missed rental payments. The agreement did not provide for the payment of the children's private school tuition, even though the children had attended a private religious school for several years. The record contains no information as to the plaintiff's ability to obtain employment. While the defendant averred that he was diagnosed with end-stage renal disease in March 2015 and that he was working only on a part-time basis, he did not provide any documentation of his condition and his past or present income.
In his opposition to the plaintiff's motion, the defendant averred that his business, EMS 15A, LLC, owns a condominum apartment in Manhattan, which he estimated had a fair market value of $3,200,000 . He claimed that he had purchased the apartment in 2001, borrowing $150,000 from his watch business to make the down payment. He asserted that the watch business was his separate property, he sold part of his interest in the watch business to his brother in 2006, and he used the proceeds of the sale to repay the mortgage on the apartment. On the other hand, he also claimed that he thereafter had taken out $2,595,000 in mortgages on the property, on which he was in default. He did not, however, describe what use he made of the proceeds of the mortgages.
In addition, the parties' affidavits raised questions as to value of the rugs that the plaintiff was to receive under the separation agreement and the nature and extent of jewelry that the plaintiff retained as her property.
Given that the agreement's support provisions were insufficient to cover the rent for the marital residence and other basic needs of the plaintiff and the children, as well as the lack of financial disclosure regarding the value of the defendant's business, condominium, and actual income, questions of fact existed as to whether the separation agreement was invalid, sufficient to warrant a hearing (see Gardella v Remizov, 144 AD3d 977, 980; Jon v Jon, 123 AD3d at 980; Kabir v Kabir, 85 AD3d 1127). Given the lack of any financial disclosure, the Supreme Court should have exercised its equitable powers and directed disclosure regarding the parties' finances at the time the agreement was executed, to be followed by a hearing to test the validity of the separation agreement (see Gardella v Remizov, 144 AD3d at 980; Kabir v Kabir, 85 AD3d at 1128).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
SCHEINKMAN, P.J., CHAMBERS, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court