Heinemann v Heinemann (2020 NY Slip Op 08044)





Heinemann v Heinemann


2020 NY Slip Op 08044


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2019-05053
 (Index No. 2391/18)

[*1]Jon Heinemann, respondent,
v
Michelle M. Heinemann, appellant.


Berkman Bottger Newman & Rodd, LLP (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellant.
The Law Office of Kelley M. Enderley, P.C., Poughkeepsie, NY, for respondent.



DECISION & ORDER
In an action to set aside a separation agreement, the defendant appeals from an order of the Supreme Court, Dutchess County (Denise M. Watson, J.), dated March 28, 2019. The order, insofar as appealed from, denied that branch of the defendant's cross motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's cross motion which was pursuant to CPLR 3211(a) to dismiss the second cause of action, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The parties were divorced by a judgment dated December 29, 2016. A stipulation of settlement dated October 14, 2016 (hereinafter the stipulation), was incorporated but not merged into the judgment of divorce. In June 2018, the Family Court issued an order of disposition finding that the defendant was owed the sum of $112,469 in child support arrears and directing the entry of a money judgment against the plaintiff. In November 2018, the plaintiff commenced this action to set aside the stipulation on the grounds of fraud, unconscionability, and duress, coercion, or overreaching. The plaintiff thereafter moved to stay the Family Court proceeding, and the defendant cross-moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court, inter alia, denied the defendant's cross motion. The defendant appeals.
"'Marital settlement agreements are judicially favored and are not to be easily set aside'" (Glover v Glover, 137 AD3d 745, 746, quoting Simkin v Blank, 19 NY3d 46, 52). "'[A] stipulation of settlement entered into by parties to a divorce proceeding that is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability'" (Cohen v Cohen, 170 AD3d 948, 949, quoting Sanfilippo v Sanfilippo, 137 AD3d 773, 774; see Many v Many, 165 AD3d 911, 912).
We agree with the Supreme Court's determination that the defendant failed to conclusively demonstrate that the plaintiff has no cognizable cause of action alleging fraud. "'The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, [*2]made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages'" (Mitchell v Diji, 134 AD3d 779, 780, quoting Introna v Huntington Learning Ctrs., Inc., 78 AD3d 896, 898). The complaint alleged that the plaintiff was represented in the divorce action by an attorney selected and paid for by the defendant, and that the plaintiff was advised by his attorney that he could request a change to only one provision in the stipulation (see Matter of Greiff, 92 NY2d 341, 344). The complaint further alleged that after the plaintiff signed the stipulation, the defendant made material changes to various provisions governing, inter alia, maintenance, child support, custody, and parental access, and that the stipulation filed with the court was not the same stipulation that he had signed. The complaint also alleged that the plaintiff did not receive "any final divorce documents" from his attorney, and that he did not learn of the changes made to the stipulation by the defendant until after the defendant commenced the enforcement proceeding in the Family Court. The plaintiff attached to the complaint a copy of the stipulation he claims to have signed. Under these circumstances, we agree with the court's determination to deny that branch of the defendant's cross motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action, seeking to set aside the stipulation on the ground of fraud.
We also agree with the Supreme Court's determination to deny that branch of the defendant's cross motion which was pursuant to CPLR 3211(a) to dismiss the third cause of action, seeking to set aside the stipulation on the grounds of duress, coercion, or overreaching. "'A contract is voidable on the ground of duress when it is established that the party making the claim was forced to agree to it by means of a wrongful threat precluding the exercise of his [or her] free will'" (Shah v Mitra, 171 AD3d 971, 976, quoting Austin Instrument v Loral Corp., 29 NY2d 124, 130). "'To rescind a separation agreement on the ground of overreaching, a plaintiff must demonstrate both overreaching and unfairness'" (Jon v Jon, 123 AD3d 979, 979-980, quoting Kerr v Kerr, 8 AD3d 626, 626-627; see Levine v Levine, 56 NY2d 42, 47). "'[N]o actual fraud need be shown, for relief will be granted if the settlement is manifestly unfair to a spouse because of the other's overreaching . . . in its execution'" (Jon v Jon, 123 AD3d at 980, quoting Kavanagh v Kavanagh, 2 AD3d 688, 689 [internal quotation marks omitted]). "'[C]ourts may examine the terms of the agreement as well as the surrounding circumstances to ascertain whether there has been overreaching'" (Jon v Jon, 123 AD3d at 980, quoting Kerr v Kerr, 8 AD3d at 627). "However, generally, if the execution of the agreement is fair, no further inquiry will be made" (Jon v Jon, 123 AD3d at 980). Here, the allegations in the complaint that the defendant threatened the plaintiff that he would never see the children again if he did not agree to her proposed terms, that the defendant had the plaintiff arrested and threatened to pay his bail only if he agreed to her proposed terms, and that the defendant exercised her position of financial superiority to the plaintiff's disadvantage were sufficient to allege a cognizable cause of action alleging duress, coercion, or overreaching.
However, we agree with the defendant that the Supreme Court should have granted that branch of her cross motion which was pursuant to CPLR 3211(a) to dismiss the second cause of action, seeking to set aside the stipulation on the ground of unconscionability. "'An unconscionable bargain is one which no person in his or her senses and not under delusion would make on the one hand, and no honest and fair person would accept on the other, the inequality being so strong and manifest as to shock the conscience and confound the judgment of any person of common sense'" (Ku v Huey Min Lee, 151 AD3d 1040, 1041, quoting Morad v Morad, 27 AD3d 626, 627). "An agreement, however, is not unconscionable 'merely because, in retrospect, some of its provisions were improvident or one-sided'" (Ku v Huey Min Lee, 151 AD3d at 1041, quoting O'Lear v O'Lear, 235 AD2d 466, 466). Here, the terms of the stipulation, while perhaps improvident or one-sided in favor of the defendant, were not so unfair as to shock the conscience and confound the judgment of any person of common sense.
Accordingly, the Supreme Court should have granted that branch of the defendant's cross motion which was pursuant to CPLR 3211(a) to dismiss the second cause of action.
RIVERA, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court