Marinakis v Marinakis (2021 NY Slip Op 04218)





Marinakis v Marinakis


2021 NY Slip Op 04218


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2019-02400
 (Index No. 50741/16)

[*1]Michael Marinakis, respondent, 
v
Danielle E. Marinakis, appellant. Gina-Marie Reitano, Staten Island, NY, for appellant.


The Edelsteins, Faegeburg & Brown LLP, New York, NY (Philip S. Brown of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Kings County (Delores J. Thomas, J.), dated February 23, 2018. The order, insofar as appealed from, denied, without a hearing, that branch of the defendant's motion which was to set aside the parties' prenuptial agreement.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
The plaintiff and the defendant were married in February 2004. In the days prior to their marriage, the parties executed a prenuptial agreement (hereinafter the agreement), which, among other things, provided that marital property principles would not apply to the marriage and that the parties waived maintenance in the event of divorce. In February 2016, the plaintiff commenced the instant action for a divorce and ancillary relief against the defendant. The defendant's answer, inter alia, alleged that the agreement was the product of duress and overreaching, asserted a counterclaim for a divorce, and demanded maintenance and equitable distribution. The defendant subsequently moved, among other things, to set aside the agreement on the grounds that it was unconscionable and the result of fraud and overreaching. In an order dated February 23, 2018, the Supreme Court, inter alia, denied that branch of the defendant's motion. The defendant appeals.
"An agreement between spouses or prospective spouses should be closely scrutinized, and may be set aside upon a showing that it is unconscionable, or the result of fraud, or where it is shown to be manifestly unfair to one spouse because of overreaching on the part of the other spouse" (Bibeau v Sudick, 122 AD3d 652, 654-655). "[W]hichever spouse contests a prenuptial agreement bears the burden to establish a fact-based, particularized inequality before a proponent of a prenuptial agreement suffers the shift in burden to disprove fraud or overreaching" (Matter of Greiff, 92 NY2d 341, 346). "An unconscionable bargain is one which no person in his or her senses and not under delusion would make on the one hand, and no honest and fair person would accept on the other, the inequality being so strong and manifest as to shock the conscience and confound the judgment of any person of common sense" (Morad v Morad, 27 AD3d 626, 627; see Christian v Christian, 42 NY2d [*2]63, 71; Maddaloni v Maddaloni, 142 AD3d 646, 649). "A motion to set aside an agreement between spouses may be denied without a hearing if the agreement is fair on its face" (Barclay v Barclay, 151 AD3d 676, 677). Nevertheless, "[a]n agreement that might not have been unconscionable when entered into may become unconscionable at the time a final judgment would be entered" (Taha v Elzemity, 157 AD3d 744, 745-746; see Mahadeo v Mahadeo, 193 AD3d 841). "However, an agreement is not unconscionable merely because, in retrospect, some of its provisions were improvident or one-sided" (Label v Label, 70 AD3d 898, 899 [internal quotation marks omitted]).
Here, the defendant failed to meet her burden of showing that the agreement was unconscionable, as the agreement provided the defendant with meaningful, bargained-for benefits, including equal distribution of all jointly held property, equal distribution of a joint bank account "to which all monies will be deposited," and a requirement that child support and educational expenses be paid by the plaintiff (see Cioffi-Petrakis v Petrakis, 72 AD3d 868, 869). While the defendant waived the right to maintenance, this provision, by itself, is insufficient to render the agreement unconscionable (see Eichholz v Panzer-Eichholz, 188 AD3d 820, 824; Label v Label, 70 AD3d at 899).
Nevertheless, the Supreme Court should have held a hearing on the issue of whether the agreement should be set aside on the ground of overreaching. "Although courts may examine the terms of the agreement as well as the surrounding circumstances to ascertain whether there has been overreaching, the general rule is that if the execution of the agreement is fair, no further inquiry will be made" (Kerr v Kerr, 8 AD3d 626, 627; see Levine v Levine, 56 NY2d 42, 47; Gardella v Remizov, 144 AD3d 977, 979). No actual fraud needs to be shown in order to set aside an agreement, but "the challenging party must show overreaching in the execution, such as the concealment of facts, misrepresentation, cunning, cheating, sharp practice, or some other form of deception" (Gottlieb v Gottlieb, 138 AD3d 30, 37).
Here, the agreement reflects a vast disparity between the parties' assets at the time of its execution. Moreover, the defendant's submissions suggest that the plaintiff may have unilaterally selected and paid the defendant's attorney, and that negotiations between the parties' attorneys went on for approximately six weeks prior to the defendant's initial consultation with her attorney. Under these circumstances, the defendant raised a sufficient inference of overreaching in the drafting and execution of the agreement to warrant a hearing to test the validity of the agreement (see Jon v Jon, 123 AD3d 979, 980; McKenna v McKenna, 121 AD3d 864, 864-866; Kabir v Kabir, 85 AD3d 1127, 1127-1128).
Accordingly, we reverse the order insofar as appealed from and remit the matter to the Supreme Court, Kings County, for a hearing and a new determination thereafter on that branch of the defendant's motion which was to set aside the agreement.
The defendant's remaining contention, raised for the first time on appeal, is not properly before this Court.
MASTRO, J.P., RIVERA, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court