In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiffs appeal (1), by permission, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated October 24, 2011, as, upon denying the defendants’ motion, inter alia, to dismiss the complaint pursuant to CFLR 3211 (a) (5), sua sponte, dismissed the complaint pursuant to CFLR 7501 and “referred [the matter] back to the Beth Din, albeit before different arbitrators, for resolution of all the parties’ claims,” (2), as limited by their brief, from so much of an order of the same court dated January 5, 2012, as granted that branch of the defendants’ motion which was to compel them to appear before the Beth Din, and (3) from so much of an order of the same court dated November 14, 2012, as denied their motion for leave to reargue and renew so much of the order dated October 24, 2011, as, sua sponte, dismissed the complaint pursuant to CFLR 7501 and referred the matter back to the Beth Din.
Ordered that the appeal from so much of the order dated November 14, 2012, as denied that branch of the plaintiffs’ motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
*1024 Ordered that the orders dated October 24, 2011, and January 5, 2012, are affirmed insofar as appealed from; and it is further,
Ordered that the order dated November 14, 2012, is affirmed insofar as reviewed; and it is further,
Ordered that one bill of costs is awarded to the defendants.
The plaintiff Nachman Rosenberg and the defendant Morris Filler, also known as Moshe Filler, jointly own several corporations which own real property in New York. The properties were managed by the defendant M.E Management, LLC, which was owned by Filler (hereinafter together the defendants). When disagreements arose between them, Rosenberg and Filler signed an arbitration agreement (hereinafter the agreement), which was written in Hebrew. The agreement named two arbitrators, but when one of the arbitrators withdrew from the arbitration proceeding and Rosenberg refused to appoint a replacement, the sole remaining arbitrator rendered an award.
Rosenberg, individually and on behalf of the jointly owned corporations (hereinafter collectively the plaintiffs) then commenced this action, inter alla, to recover damages for breach of fiduciary duty. The defendants moved to dismiss the complaint based on the existence of the arbitration award, and commenced a related proceeding to confirm that award. In support of their motion to dismiss they submitted an English translation of the agreement, which stated that the parties would have “no right of appeal either before any other rabbinical court or before secular courts,” and that the arbitrators “have the right to issue the rabbinical court ruling as they see fit.” The agreement further provided that it was “entered into via a complete Agav Suder binding procedure.”
In their papers submitted in opposition to the motion, the plaintiffs referred to the arbitrators as a “religious tribunal” and “religious arbitrators.” They argued solely that the arbitrators did not allow the plaintiffs’ attorney to address them at any hearings or to advocate on behalf of the plaintiffs, and that the hearings were improper because they were conducted before only one arbitrator. They did not argue that the English translation of the agreement provided by the defendants was not accurately translated. In the first order appealed from, the Supreme Court denied the defendants’ motion to dismiss the action based on the existence of the arbitration award, finding that the plaintiffs had been denied their right to counsel. However, the court found that the parties’ “written agreement to submit their controversy before a Beth Din is valid and binding and should be enforced (see CPLR § 7501). Accordingly, the instant action is dismissed and the matter is referred back to *1025 the Beth Din, albeit before different arbitrators, for resolution of all the parties’ claims.”
The plaintiffs argue that the Supreme Court erred in dismissing the action and referring the matter back to the Beth Din. They contend that they did not agree to arbitrate before a Beth Din, but rather before two specified arbitrators. However, the English translation of the agreement submitted by the defendants referred to the arbitrators as a “rabbinical court,” and indicated that the agreement was “entered into via a complete Agav Suder binding procedure.” An “Agav Suder binding procedure” is “a formal legal act recognized by Jewish Law that is used as a means of effectuating a variety of legal relationships” (Fairmont Ins. Brokers, Ltd. v Schwab, 39 Misc 3d 1215[A], 2013 NY Slip Op 50619[U], *4 n 2 [Sup Ct, Kings County 2013]). It “ ‘denotes the legal conclusion of the agreement and cannot then be rescinded’ ” {id., quoting Adin Steinsaltz, The Essential Talmud 195 [2006]).
In addition, as noted by the Supreme Court, in opposition to the defendants’ motion to dismiss the action the plaintiffs referred to the arbitrators as a “religious tribunal” and “religious arbitrators.” The plaintiffs did not initially challenge the translation of the arbitration agreement before the Supreme Court. Thus, the Supreme Court, upon determining that the plaintiffs had been denied their right to counsel at the arbitration proceeding, properly dismissed the action and referred the matter back to the Beth Din rather than invalidating the entire agreement.
In support of that branch of their motion which was for leave to renew, the plaintiffs argued that the English translation of the agreement submitted by the defendants in support of their motion to dismiss the action was not accurate. However, the plaintiffs presented no “reasonable justification” (CPLR 2221 [e] [3]) for not initially challenging the translation of the agreement before the Supreme Court (see Abrams v Berelson, 94 AD3d 782, 783-784 [2012]; Matter of Choy v Mai Ling Lai, 91 AD3d 772 [2012]). In addition, the court properly found that a new translation of the agreement submitted by the plaintiffs, translated by Alpha Translation Svs., Inc. (hereinafter Alpha), did not constitute admissible evidence. CPLR 2101 (b) provides that “[w]here an affidavit or exhibit annexed to a paper served or filed is in a foreign language, it shall be accompanied by an English translation and an affidavit by the translator stating his qualifications and that the translation is accurate” (see Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 54 [2011]). Here, the name and qualifications of Alpha’s translator were *1026 not provided. The Supreme Court therefore properly denied that branch of the plaintiffs’ motion which was for leave to renew.
The plaintiffs’ remaining contentions are without merit. Mastro, J.E, Lott, Sgroi and LaSalle, JJ., concur.