■ JOANNE DIDONATO, Respondent, v CHARLES DYCKMAN et al., Appellants. [993 NYS2d 375]—

In an action, inter alia, for a judgment declaring that the plaintiff has an exclusive easement over certain real property owned by the defendants and for injunctive relief, the defendants appeal from so much of an order of the Supreme Court, Putnam County (Nicolai, J.), dated August 10, 2012, as, sua sponte, declared that the plaintiff's encroachments on the defendants' property by trucks carrying fuel or other necessities are de minimis and that the defendants shall not interfere with

the plaintiff's lawful use of the easement, including during such deliveries.

Ordered that on the Court's own motion, the notice of appeal from so much of the order dated August 10, 2012, as, sua sponte, declared that the plaintiff's encroachments on the defendants' property by trucks carrying fuel or other necessities are de minimis and that the defendants shall not interfere with the plaintiff's lawful use of the easement, including during such deliveries, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs.

The plaintiff and the defendants own abutting lots located in Mahopac. The plaintiff's property benefits from an easement by grant dated April 1, 1964, which is a right-of-way along a private, 12-foot-wide surfaced road located on the defendants' property, for ingress and egress between the plaintiff's property and Highland Road. The plaintiff commenced this action for, inter alia, a judgment declaring that she has the exclusive right of ingress and egress over the easement. In an order dated May 28, 2009, the Supreme Court granted a preliminary injunction enjoining the defendants from "park[ing] any vehicle that would hinder the delivery of services to the plaintiff by parking so close to the easement so as to obstruct same" and directed that "the easement shall be maintained as stated in the original grant." By order to show cause dated April 1, 2011, the plaintiff moved to hold the defendants in civil contempt for their failure to comply with the preliminary injunction. The plaintiff asserted, among other things, that the defendants obstructed oil delivery trucks from using the easement to deliver oil to her house by placing construction materials along the easement. In opposition to the motion, the defendant Charles Dyckman attested that any of the materials that purportedly obstructed the easement were not located within the easement.

Following a hearing, the court denied the plaintiff's motion to hold the defendants in civil contempt. The court also directed the parties to submit post-hearing memoranda on the issue of whether the court "has legal authority to modify the easement by a width of approximately four feet, based upon expert [contempt hearing] testimony establishing that approximate extension would be necessary to permit safe passage of trucks such as for oil delivery or UPS." In the order appealed from, the Supreme Court, upon review of the parties' post-hearing submissions, among other things, declared that the plaintiff's

encroachments on the defendants' property by trucks carrying fuel oil or other necessities are de minimis as a matter of law, and the defendants shall not interfere with the plaintiff's lawful use of the easement, including during such deliveries. The defendants appeal from so much of the order as issued this declaration.

Here, the only noticed application before the Supreme Court was the plaintiff's order to show cause seeking a finding that the defendants had violated an earlier court injunction and holding the defendants in civil contempt. A court is generally limited to issues or defenses that are the subject of the motion before it (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429 [1996]; *Baron v Brown*, 101 AD3d 915 [2012]; *Quizhpe v Luvin Constr.*, 70 AD3d 912, 914 [2010]). In this instance, there was no motion before the Supreme Court by any party seeking a determination of whether the easement encroachments were necessary or, alternatively, de minimus. The Supreme Court was therefore without jurisdiction to award the plaintiff what was, in effect, dispositive relief consisting of an easement by necessity and a finding that the oil truck encroachments were de minimus (*see* CPLR 2214; *Burstin v Public Serv. Mut. Ins. Co.*, 98 AD2d 928, 929 [1983]). On this basis, we reverse the order insofar as appealed from.

In light of our determination, the parties' remaining contentions have been rendered academic. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.