Welenc v Board of Directors of Polish & Slavic Fed. Credit Union (2018 NY Slip Op 02357)





Welenc v Board of Directors of Polish & Slavic Fed. Credit Union


2018 NY Slip Op 02357


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2015-10708
2016-02293
 (Index No. 12933/13)

[*1]Jan Welenc, et al., respondents, 
v
Board of Directors of Polish and Slavic Federal Credit Union, appellant.


Windels Marx Lane & Mittendorf, LLP, New York, NY (William C. Cagney and Rodman E. Honecker of counsel), for appellant.
Tseitlin & Glas, P.C., New York, NY (Eduardo J. Glas of counsel), for respondents.



DECISION & ORDER
Appeals by the defendant from an amended order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated June 12, 2015, and an order of the same court dated February 24, 2016. The amended order dated June 12, 2015, insofar as appealed from, denied the defendant's motion for summary judgment dismissing the complaint and, in effect, searched the record and awarded summary judgment to the plaintiffs on the complaint. The order dated February 24, 2016, insofar as appealed from, upon renewal and reargument, adhered to the original determination in the amended order dated June 12, 2015.
ORDERED that the appeal from the amended order dated June 12, 2015, is dismissed, as that order was superseded by the order dated February 24, 2016, made upon renewal and reargument; and it is further,
ORDERED that the order dated February 24, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
In September 2012, a petition signed by more than 2,000 members of the Polish and Slavic Federal Credit Union (hereinafter the Credit Union) was submitted to the Board of Directors of the Credit Union (hereinafter the Board), requesting that the Board call and hold a special meeting of its membership to, inter alia, put to a vote a motion to remove certain individuals from the Board and an individual from the Supervisory Committee. In October 2012, the Board posted a notice stating that the petition was "determined to be invalid" due to, among other things, "discrepancies" between a version of the petition containing paragraphs written in Polish and an English translation submitted by the Board. In July 2013, the plaintiffs commenced this action "to order Board of Directors to call special meeting of [the Credit Union's] members." Thereafter, the Board cross-moved for summary judgment dismissing the complaint. In an amended order dated June 12, 2015, the Supreme Court, inter alia, denied the Board's motion for summary judgment and, in effect, searched the record and awarded summary judgment to the plaintiffs on the complaint. The Board then moved for leave to renew and reargue its motion for summary judgment. In an order dated [*2]February 24, 2016, the court, among other things, upon renewal and reargument, adhered to the original determination in the amended order dated June 12, 2015. The Board appeals from the amended order dated June 12, 2015, and the order dated February 24, 2016.
Contrary to the Board's contention, it failed to establish, prima facie, that the petition to call a special meeting was invalid due to "discrepancies" between a version of the petition containing paragraphs written in Polish and an English translation submitted by the Board, since the English translation was not accompanied by an affidavit by the translator stating the translator's qualifications and that the translation was accurate (see CPLR 2101[b]), and thus, did not constitute admissible evidence (see Rosenberg v Piller, 116 AD3d 1023, 1025). Since the Board otherwise failed to establish, prima facie, that the petition was invalid, the Supreme Court properly, upon renewal and reargument, adhered to its original determination denying the Board's motion for summary judgment dismissing the complaint and, under the circumstances presented, properly exercised its authority to, in effect, search the record and award summary judgment to the plaintiffs (see CPLR 3212[b]).
The Board's remaining contentions are either not properly before this Court or without merit.
RIVERA, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court