City of New York v Quadrozzi (2020 NY Slip Op 07857)





City of New York v Quadrozzi


2020 NY Slip Op 07857


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-04103
 (Index No. 8442/10)

[*1]City of New York, et al., respondents, 
v
John Quadrozzi, Jr., etc., appellant, et al., defendants.


Paykin Krieg & Adams, LLP, New York, NY (David A. Schrader and Benjamin Suess of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Devin Slack and Kevin Osowksi of counsel), for respondents.



DECISION & ORDER
In an action to compel compliance with the New York City Landmarks Preservation Law, the defendant John Quadrozzi, Jr., appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated March 5, 2019. The order, insofar as appealed from, after a status conference, sua sponte, directed the defendant John Quadrozzi, Jr., to take all steps necessary to obtain a permit from the Department of Buildings with respect to certain real property and to make repairs to that property on an expedited basis.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the defendant John Quadrozzi, Jr., to take all steps necessary to obtain a permit from the Department of Buildings with respect to certain real property and to make repairs to that property on an expedited basis is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, with costs.
The background facts relating to this action are set forth in this Court's decision and order on a related appeal (City of New York v Quadrozzi, _____ AD3d _____ [Appellate Division Docket No. 2019-00337; decided herewith]).
The Supreme Court, after a status conference with the parties in January 2019, issued an order, sua sponte, dated March 5, 2019, which, among other things, directed the defendant John Quadrozzi, Jr. (hereinafter the defendant), to take all steps necessary to obtain a permit from the Department of Buildings to complete the work on one of the subject properties and expedite repairs to that property, including the submission of new plans by the defendant for the installation of ordinary windows, without prejudice to the installation of approved bay windows on that property at a later date.
Since no motion was pending before it, the Supreme Court should not have, sua sponte, and without a hearing, imposed an injunction on the defendant and determined issues of fact pertaining to allegations concerning bay windows at the property at issue (see DiDonato v Dyckman, [*2]121 AD3d 638, 640). "A court is generally limited to noticed issues that are the subject of the motion before it" (Matter of Banks v Stanford, 159 AD3d 134, 146; see CPLR 2214[a]; DiDonato v Dyckman, 121 AD3d at 640). In an order dated November 26, 2018, the court previously had denied a motion by the plaintiffs to hold the defendant in contempt. The plaintiffs did not move for an injunction or seek a determination on the issue of the windows and the court did not hold a hearing on those issues.
Accordingly, the sua sponte order should be reversed insofar as appealed from (see CPLR 2214[a]; Matter of Banks v Stanford, 159 AD3d at 146; DiDonato v Dyckman, 121 AD3d at 640).
ROMAN, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court