People ex rel. Lucien v Superintendent, Fishkill Corr. Facility, N.Y.S. DOCCS (2021 NY Slip Op 00314)





People ex rel. Lucien v Superintendent, Fishkill Corr. Facility, N.Y.S. DOCCS


2021 NY Slip Op 00314


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2019-14343
2020-03060
 (Index No. 1367/19)

[*1]The People of the State of New York, ex rel. Leonidas Lucien, respondent,
v
Superintendent, Fishkill Correctional Facility, N.Y.S. DOCCS, appellant.


Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Blair J. Greenwald of counsel), for appellant.
Janet E. Sabel, New York, NY (Robert C. Newman of counsel), for respondent.



DECISION & ORDER
In a habeas corpus proceeding to obtain immediate release to the community under applicable conditions of postrelease supervision, the Superintendent, Fishkill Correctional Facility, N.Y.S. DOCCS appeals from (1) a judgment of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated December 6, 2019, and (2) an order of the same court dated February 25, 2020. The judgment, after a hearing, granted the petition and directed the Superintendent, Fishkill Correctional Facility, N.Y.S. DOCCS to release the petitioner to SARA-compliant housing within 15 days of the date of the judgment. The order, insofar as appealed from, sua sponte, directed the Superintendent, Fishkill Correctional Facility, N.Y.S. DOCCS to provide the petitioner with adequate resources, such as newspapers and internet access.
ORDERED that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed; and it is further,
ORDERED that the appeal so much of from the order as, sua sponte, directed the Superintendent, Fishkill Correctional Facility, N.Y.S. DOCCS to provide the petitioner with adequate resources, such as newspapers and internet access, is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted; and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements.
In August 2015, the petitioner pleaded guilty to the crime of rape in the second degree (Penal Law § 130.30[1]), and was sentenced to a term of imprisonment of four years to be followed by five years of postrelease supervision (hereinfafter PRS). The petitioner was subsequently designated a level one sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C). Based on the fact that the victim of the sex offense was 14 years old at the time of the offense, the petitioner was subject to the provisions of the Sexual Assault Reform Act (hereinafter SARA), which, among other things, prohibited him, while on PRS, from residing within 1,000 feet of a school (see Executive Law § 259-c[14]; Penal Law § 220.00[14]).
The petitioner's sentence had a maximum expiration date of February 9, 2019. Since the petitioner was unable to find housing that complied with SARA by his maximum expiration date, pursuant to Penal Law § 70.45(3), the Department of Corrections and Community Supervision (hereinafter DOCCS) transferred the petitioner to Fishkill Correctional Facility (hereinafter Fishkill), a residential treatment facility, to begin serving his term of PRS.
In October 2019, the petitioner commenced this habeas corpus proceeding on the ground that Fishkill was not a lawful residential treatment facility, in that the conditions at Fishkill were virtually indistinguishable from continued incarceration in a prison facility. He claimed that he was treated much the same as persons serving prison sentences, as there was no opportunity for employment, education, or training. After a hearing, in a judgment dated December 6, 2019, the Supreme Court granted the petition, directing that the petitioner be released to SARA-compliant housing within 15 days, "failing which Petitioner may seek an order finding Respondent[ ] in contempt of court." The Superintendent, Fishkill Correctional Facility, N.Y.S. DOCCS (hereinafter the appellant) appeals.
On December 20, 2019, this Court granted a temporary stay of the December 6, 2019 judgment pending determination of the appellant's motion for a stay pending appeal. On December 23, 2019, the petitioner moved to hold the appellant in contempt for violating the December 6, 2019 judgment. Thereafter, on February 21, 2020, this Court granted the appellant's motion to stay enforcement of the December 6, 2019 judgment pending determination of the appeal. Subsequent thereto, in an order dated February 25, 2020, the Supreme Court denied the petitioner's motion to hold the appellant in contempt and, sua sponte, directed that the petitioner be provided with adequate resources, such as internet access and newspapers.
Habeas corpus will lie only when the petitioner is entitled to immediate release (People ex rel. Kaplan v Commissioners of Correction of City of N.Y., 60 NY2d 648,649; People ex rel. Brettchneider v Warden of Dept. of Correction of City of N.Y., 253 AD2d 729,730). Here, even if the petitioner were able to establish that Fishkill does not satisfy the statutory requirements for a residential treatment facility, he would not be entitled to immediate release, as he had not identified SARA-compliant housing (see People ex rel. McCurdy v Warden, Westchester County Correctional Facility, ___ NY3d ___, 2020 NY Slip Op 06933). Notably, the petitioner was subject to the provisions of SARA, and therefore, while on PRS he was prohibited from residing within 1,000 feet of a school (see Executive Law § 259-c[14]; Penal Law § 220.00[14]). Inasmuch as he had been unable to find SARA-compliant housing by his maximum expiration date, pursuant to Penal Law § 70.45(3), DOCCS was permitted to require him to spend the first six months of his PRS in Fishkill, a residential treatment facility (see People ex rel. McCurdy v Warden, Westchester County Correctional Facility, ___ NY3d ___, 2020 NY Slip Op 06933). After the expiration of the six-month period, when the petitioner had still not identified SARA-compliant housing, pursuant to Correction Law § 73(10), DOCCS had the authority to provide temporary housing to him at Fishkill until such time that he located SARA-compliant housing (see People ex rel. McCurdy v Warden, Westchester County Correctional Facility, ___ NY3d ___, 2020 NY Slip Op 06933). Thus, the request for habeas corpus relief is inappropriate, and the petition must be dismissed (see People ex rel. Bernzott v Murray, 12 AD3d 1102; People ex rel. Beam v Hodges, 286 AD2d 936, 937; People ex rel. Johnson v Superintendent, Fishkill Corr. Facility, 47 Misc 3d 984, 991-992 [Sup Ct, Dutchess County]).
A court generally lacks jurisdiction to grant relief not requested in the moving papers (see Matter of Banks v Stanford, 159 AD3d 134, 146-147; DiDonato v Dyckman, 121 AD3d 638, 640). Here, the Supreme Court should not have granted relief that was not sought by the petitioner when, in the order dated February 25, 2020, it, sua sponte, directed the appellant to provide the petitioner with newspapers and internet access. Further, the relief granted was contrary to the explicit terms of the "conditions of release" to PRS which was signed by the petitioner.
In light of our determination, we need not reach the appellant's remaining contentions.
DILLON, J.P., HINDS-RADIX, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court