Gorman v Gorman (2022 NY Slip Op 01965)





Gorman v Gorman


2022 NY Slip Op 01965


Decided on March 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2022

Before: Renwick, J.P., Manzanet-Daniels, Singh, Kennedy, Scarpulla, JJ. 


Index No. 312525/10 Appeal No. 15556-15557-15557A Case No. 2021-00666, 2021-02397, 2021-00000 

[*1]Robyn B. Gorman, Plaintiff-Appellant,
v
Albert Gorman, Defendant-Respondent.


Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for appellant.
Advocate, LLP, New York (Jason Advocate of counsel), for respondent.



Order, New York County (Michael L. Katz, J.), entered January 29, 2021, which, to the extent appealed from as limited by the briefs, granted defendant's motion to the extent of directing plaintiff to sign an assignment agreement transferring 50% of the marital interest in RS Shopping Center Associates LLP to each of the parties' sole names within 30 days of notice of entry, and, upon remand from this Court, awarded plaintiff an additional $50,148 from the account ending in 4708 based on its date-of-trial value, denied plaintiff's cross motion for postjudgment discovery, and denied plaintiff's motion to have defendant's counsel release funds being held in escrow to satisfy a charging lien, unanimously affirmed, without costs.
Order, same court and Justice, entered May 27, 2021, which granted defendant's cross motion to the extent of determining that plaintiff shall forfeit her interest in RS Shopping Center LLP unless she executes the assignment agreement, as previously directed, within five days of notice of entry, and awarded defendant counsel fees, unanimously modified, on the law and the facts, to the extent of vacating the award of counsel fees to defendant, and otherwise affirmed, without costs.
Order, same court and Justice, entered on or about August 3, 2021, which denied plaintiff's motion seeking a declaration that she complied with the prior order and that the parties continue to hold their marital interest in RS Shopping Center Associates LLP jointly and for counsel fees, and granted defendant's cross motion to the extent of finding that plaintiff waived her interest in RS Shopping Center Associates LLP by her noncompliance with the court's prior order and awarded defendant counsel fees, unanimously modified, on the law and the facts, to the extent of vacating the award of counsel fees to defendant, and otherwise affirmed, without costs.
Upon remand from this Court (Gorman v Gorman, 187 AD3d 636 [1st Dept 2020]), the motion court properly denied plaintiff's cross motion for postjudgment discovery with respect to the brokerage account ending in 4708. This Court's remand order did not open the door to renewed discovery, but simply corrected an inconsistency between a prior order, which directed that the value of the brokerage account be distributed as of the date of trial, and the judgment of divorce, which stated that the account should be valued as of the date the divorce action was commenced.
Defendant's counsel properly held funds from plaintiff's equitable distribution in escrow upon notice of a charging lien by plaintiff's former counsel (see Rules for Attorney Disciplinary Matters [22 NYCRR] 1200.46[b][4]). Nothing in the parties' judgment of divorce prohibited defendant's counsel from holding these funds in escrow, nor did the judgment prevent the motion court from requiring a stipulation signed by both plaintiff and the lien holder before the funds' release.
The motion court properly determined that plaintiff waived her [*2]right to half the marital interest in RS Shopping Center Associates LLP. The judgment of divorce, as well as two orders of the motion court, provided that plaintiff was to sign an assignment agreement meant to equally divide the marital interest in that asset into the parties' sole names. Plaintiff refused to assent to the terms of that assignment agreement, and therefore is deemed to have waived her rights to the asset (see Matter of Hinck v Hinck, 113 AD3d 681, 682-683 [2d Dept 2014]).
The motion court providently exercised its discretion in denying plaintiff, who was acting pro se, an award of counsel fees, given the equities and circumstances of this case, including the relative merits of the parties' positions (see DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]), and given the provisions of Domestic Relations Law § 237(a). However, we vacate the award of counsel fees to defendant in the absence of a written decision setting forth plaintiff's conduct on which the imposition of attorneys' fees as a sanction was based (see 22 NYCRR 130-1.2; Gordon Group Invs., LLC v Kugler, 127 AD3d 592, 594 [1st Dept 2015]). An award of counsel fees cannot be made under Domestic Relations Law §§ 237 and 238 as a punitive measure against the other party for litigation conduct (see Roddy v Roddy, 161 AD3d 441, 441 [1st Dept 2018]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 22, 2022