New York Tile Wholesale Corp. v Thomas Fatato Realty Corp. (2022 NY Slip Op 03000)





New York Tile Wholesale Corp. v Thomas Fatato Realty Corp.


2022 NY Slip Op 03000


Decided on May 4, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-00847
2019-10874
 (Index Nos. 49320/01, 515280/18)

[*1]New York Tile Wholesale Corp., appellant,
v
Thomas Fatato Realty Corp., et al., respondents (and another action).


Feder Kaszovitz, LLP, New York, NY (Murray L. Skala and Bruce Robins of counsel), for appellant.
Harris Beach, PLLC, White Plains, NY (Darius P. Chafizadeh and Allison B. Fiut of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of a lease and for specific performance of a provision of the lease, and a related action, among other things, to recover damages for a violation of Judiciary Law § 487, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated December 6, 2018, and (2) an order of the same court dated July 23, 2019. The order dated December 6, 2018, insofar as appealed from, sua sponte, modified a preliminary injunction to permit short-term leasing of the subject property. The order dated July 23, 2019, denied the plaintiff's motion, in effect, to vacate so much of the order dated December 6, 2018, as, sua sponte, modified the preliminary injunction to permit short-term leasing of the subject property.
ORDERED that the appeal from the order dated December 6, 2018, is dismissed, as no appeal lies as of right from a portion of an order that does not decide a motion made on notice (see CPLR 5701[a]), and leave to appeal has not been granted; and it is further,
ORDERED that the order dated July 23, 2019, is reversed, on the law, the plaintiff's motion, in effect, to vacate so much of the order dated December 6, 2018, as, sua sponte, modified the preliminary injunction is granted, and that portion of the order dated December 6, 2018, is vacated; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In 1986, the plaintiff, as tenant, entered into an agreement with the defendant Thomas Fatato Realty Corp. (hereinafter Fatato) to lease a portion of certain commercial property in Brooklyn then owned by Fatato. The lease gave the plaintiff a right of first refusal to purchase the property in the event that Fatato offered it for sale. In October 2000, Fatato transferred title to the property to the defendant Garden Estates, LLC (hereinafter Garden).
In 2001, the plaintiff commenced an action against Fatato and Garden, inter alia, for [*2]specific performance of the lease provision giving the plaintiff the right of first refusal to purchase the property. By order dated May 7, 2002, the Supreme Court, among other things, granted the plaintiff's cross motion for a preliminary injunction and enjoined the defendants, during the pendency of the action, from, inter alia, interfering with the subject property or the plaintiff's tenancy and its use and occupancy of the property. By amended order dated June 10, 2011, the preliminary injunction was modified to permit the defendants to "lease all or a portion of the subject real property for a term not extending beyond February 28, 2012."
In about September 2016, the plaintiff moved, among other things, pursuant to Judiciary Law § 753 to hold the defendants in civil contempt for violating the preliminary injunction, contending that the defendants continued to rent portions of the property after February 28, 2012. Following, among other things, a conference at which the defendants were directed to provide documentation of their compliance with the preliminary injunction, in an order dated December 6, 2018, the Supreme Court, sua sponte modified the preliminary injunction to permit short-term leasing of the property. Thereafter, the plaintiff moved, in effect, to vacate so much of the December 6, 2018 order as, sua sponte, modified the preliminary injunction to permit short-term leasing of the property, arguing, among other things, that the court should not have modified the preliminary injunction in the absence of a motion by the defendants for such relief. In an order dated July 23, 2019, the court denied the motion. The plaintiff appeals.
"A court is generally limited to noticed issues that are the subject of the motion before it" (Matter of Banks v Stanford, 159 AD3d 134, 146; see CPLR 2214[a]; City of New York v Quadrozzi, 189 AD3d 1344, 1345; DiDonato v Dyckman, 121 AD3d 638, 640). While a defendant enjoined by a preliminary injunction "may move at any time, on notice to the plaintiff, to vacate or modify it" (CPLR 6314), here, the defendants made no such motion. As to the subject portion of the order dated December 6, 2018, the only noticed application before the Supreme Court was that branch of the plaintiff's motion which was to hold the defendants in civil contempt. The court therefore was without authority to award the defendants the dispositive relief of modifying the preliminary injunction in the absence of a motion by the defendants on notice to the plaintiff (see People ex rel. Lucien v Superintendent, Fishkill Corr. Facility, N.Y.S. DOCCS, 190 AD3d 863, 865; City of New York v Quadrozzi, 189 AD3d at 1345; DiDonato v Dyckman, 121 AD3d at 640). Accordingly, the court should have granted the plaintiff's motion, in effect, to vacate so much of the December 6, 2018 order as, sua sponte, modified the preliminary injunction to permit short-term leasing of the property.
BRATHWAITE NELSON, J.P., CHAMBERS, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court