Toyota Motor Credit Corp. v Linen (2022 NY Slip Op 50512(U))

[*1]

Toyota Motor Credit Corp. v Linen

2022 NY Slip Op 50512(U) [75 Misc 3d 134(A)]

Decided on June 22, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 22, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, J.P., Tisch, Michael, JJ.

570135/22

Toyota Motor Credit Corporation, 
 Plaintiff-Respondent, against
LaToya Linen,
Defendant-Appellant.

Defendant appeals from an order of the Civil Court of the City of New York, Bronx County
(Naita A. Semaj, J.), entered October 5, 2021, which denied her motion to amend her
counterclaim and denied class action certification.

Per Curiam.
Order (Naita A. Semaj, J.), entered October 5, 2021, reversed, without costs, motion for
leave to amend granted, and the portion of the order denying class action certification is
stricken.
Civil Court improperly denied defendant's unopposed motion for leave to amend to add a
class action counterclaim. On a motion for leave to amend a pleading, movant need not establish
the merit of the proposed new allegations, but must "simply show that the proffered amendment
is not palpably insufficient or clearly devoid of merit" (MBIA Ins. Corp. v Greystone &
Co., Inc., 74 AD3d 499, 500 [2010]; Lavrenyuk v Life Care Servs., Inc., 198 AD3d
569, 570 [2021], lv dismissed — NY3d —, 2022 NY Slip Op 66092
[2022]). Here, the court prematurely reached the merits of the proposed amendment, which was
adequately pleaded and not clearly devoid of merit. 
We note that the only motion before the court was one for leave to amend (see CPLR
3025[b]). A court is generally limited to issues or defenses that are the subject of the motion
before it (see CPLR 2214); Matter of Banks v Stanford, 159 AD3d 134, 146-147
[2018]). Here, in the absence of any motion seeking class action certification pursuant to CPLR
902, the court was without authority to rule upon this dispositive issue (see DiDonato v
Dyckman, 121 AD3d 638, 640 [2014]). On this basis, we strike the provision in the order
purporting to deny class action certification, without prejudice to a proper application for such
relief. 
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: June 22, 2022