Z.J.V. v A.A.V. (2025 NY Slip Op 50374(U))

[*1]

Z.J.V. v A.A.V.

2025 NY Slip Op 50374(U)

Decided on March 25, 2025

Supreme Court, Westchester County

Hyer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 25, 2025
Supreme Court, Westchester County

Z.J.V., Plaintiff,

against
A.A.V., Defendant.

XXXXX

Plaintiff - Self-Represented
Defendant - Chaim Steinberger, Esq., Chaim Steinberger, P.C., 150 E. 58th Street, Suite 2701, New York, New York 10155
Attorney for the Child - Donna E. Abrams, Esq., Harold Salant Strassfield & Rothbard LLP, 81 Main Street, White Plains, New York 10601

James L. Hyer, J.

The following papers were read on the motion by Plaintiff, (hereinafter "Motion Sequence # 1"), seeking the entry of an Order:
1. Enforcing the Marriage Contract Agreement (hereinafter "Marriage Contract") Executed by the parties on April 12, 2013;
2. Declaring that the Marriage Contract is valid and enforceable in its entirety;
3. Directing that the Marriage Contract is valid and enforceable in its entirety;
4. Directing that the distribution of marital property and separate property shall be in accordance with the terms of Marriage Contract;
5. Removing any need for discovery and proceeding with divorce; and
6. For such other and further relief as this Court deems just and proper.[FN1]
And in consideration of the cross motion filed by Defendant, (hereinafter "Motion Sequence No. 2"), seeking the entry of an Order:

1. Denying and dismissing in its entirety Plaintiff's purported motion of March 12, 2025 (nyscef #s 53—56, subsequently returned for correction);
2. Declaring the Marriage Contract of April 12, 2013 (nyscef # 56), to be invalid and unenforceable under Domestic Relations Law § 236[B][3]; and
3. For such other and further relief for the Defendant as the Court deems just and proper.
Papers Doc. Nos.
Notice of Motion/Memorandum of Law/Affidavit of Plaintiff[FN2]
/Exhibit A 1-4
Order to Show Cause/Affidavit of Defendant/Memorandum of Law 5-7
Relevant Factual and Procedural History
This matrimonial action was commenced on September 17, 2024, with the filing of a Summons and Complaint (hereinafter collectively "Complaint") (NYSCEF Doc. No. 1). The Complaint asserts that the parties were married on February 9, 2013, in the country of Germany; that there is one child of the marriage, being V.E.V., date of birth: XXXX; that the parties have resided in the State of New York since October of 2020; and seeks the entry of a judgment of divorce dissolving the parties' marriage pursuant to New York State Domestic Relations Law (hereinafter "DRL") § 170(7). The Complaint further seeks relief including:
"An order upholding the signed and agreed upon prenuptial agreement. The Defendant and her family hired legal counsel to advise and structure the prenuptial which was in German and translated to English. Plaintiff has no objection to the prenuptial. The prenuptial agreement is valid, enforceable, and governs the distribution of assets and finances between the parties. No distribution. In accordance with the terms of the prenuptial agreement, the plaintiff seeks enforcement of the agreement and asks the Court to uphold its provisions regarding the property and financial matters;"[FN3]
On October 31, 2024, Defendant, through Defendant's counsel, filed a Notice of Rejection (NYSCEF Doc. Nos. 10-11).
On January 10, 2025, a Court Notice (NYSCEF Doc. No. 18) was issued scheduling a Preliminary Conference to be held on February 4, 2025, at 9:30 a.m.
On February 4, 2025, a Preliminary Conference was held wherein appearances were made by Defendant, Defendant's counsel and Plaintiff as a self-represented litigant who was advised of his right to counsel and thereafter provided two documents marked as Court Exhibits: (1) Self-Represented Litigant Information Sheet (NYSCEF Doc. No. 21); and (2) Part Rules of the Hon. James L. Hyer, J.S.C. (NYSCEF Doc. No. 22). Following completion of the [*2]Conference, an Order (NYSCEF Doc. No. 20) was entered directing:
"It is hereby ORDERED that:
1. February 7, 2024 - Deadline for Plaintiff to file and serve on Defendant's counsel, who agreed to accept service, an Amended Summons and Amended Complaint.
2. February 21, 2025, 9:00 a.m. - Date for adjourned Preliminary Conference, wherein all parties and counsel are to appear.
3. Plaintiff and Defendant's counsel to order a copy of the Court Transcript, split the cost equally, and submit to be so ordered by April 4, 2025."
On February 7, 2025, Plaintiff filed an Amended Summons and Complaint (NYSCEF Doc. No. 23), which comported substantively with the Complaint.
On February 20, 2025, Defendant's counsel filed a Notice of Appearance (NYSCEF Doc. No. 33).
On February 21, 2025, a Preliminary Conference was held wherein appearances were made by Defendant, Defendant's counsel and Plaintiff as a self-represented litigant, after which a Preliminary Conference Order was entered (NYSCEF Doc. No. 41).
On March 10, 2025, Defendant filed an Answer With Counter-Claims (NYSCEF Doc. No. 50), which included a denial of the allegations and legal conclusions set forth in paragraph 9 of the Complaint pertaining to the postnuptial[FN4]
 agreement.
On March 12, 2025, an Order Appointing Attorney for the Child (NYSCEF Doc. No. 52) was entered appointing Donna E. Abrams, Esq., as the attorney for the Child.
On March 12, 2025, Motion Sequence No. 1 was filed (NYSCEF Doc. Nos. 53-56), seeking the above-referenced relief. In support of his application, Plaintiff submits one exhibit which is annexed to his Affidavit (hereinafter "Purported Marital Agreement") (NYSCEF Doc. No. 55) and individually (NYSCEF Doc. No. 56). The Purported Marital Agreement consists of seven pages, six of which having two columns of text, with the right-hand column including text in the English language and with the left-hand column including text in what appears to be the German language as the English text refers to the non-English text as being German. With respect to the two languages contained in the document, portions of the English language column read as follows:
"Marriage Contract
* * *
The Wife speaks German as her mother language and English as a foreign language. The Husband speaks English as a mother language and has limited German language capabilities. In order to make certain that this Marriage Contract may be read and understood by the courts, government entities and other third parties in Germany, as well as in the USA, this Marriage Contract is entered into in the German as well as in the English language. In case of differences between the German and the English version of this marriage contract, the German version is not supposed to have priority over the English version or vice-versa. Rather, this Marriage Contract shall be construed and [*3]interpreted as is required by the purposes and aim of this Marriage Contract."
On March 14, 2025, Motion Sequence No. 2 was filed (NYSCEF Doc. Nos. 57-59) as an order to show cause which was conformed (NYSCEF Doc. No. 60) directing: (1) service of the motion by March 15, 2025; (2) responsive submissions be served by March 24, 2025; (3) no reply submissions be served; and (4) set the return date for the motion as March 24, 2025. Motion Sequence No. 2 does not include any exhibits.
Plaintiff failed to file any submissions in opposition to Motion Sequence No. 2, nor were any other submissions made with respect to the two instant motions.
Parties' Contentions
Plaintiff argues that the Purported Marital Agreement was properly executed pursuant to New York State Law and should be enforced. In support of his application, Plaintiff asserts that the parties were married on February 9, 2013, and two months later executed the Purported Marital Agreement on April 12, 2013. Plaintiff claims that the document was prepared by Bock Oppler Hiring Law Firm in Germany, and while he did not have independent counsel, both parties communicated with the drafting attorneys and signed the Purported Marital Agreement. While not providing copies to the Court, Plaintiff asserts that the parties exchanged complete financial disclosure prior to executing the document.
Defendant asserts that the Purported Marital Agreement is not valid pursuant to New York State Law. Defendant argues that while the parties executed the document, it was not acknowledged, nor was a certificate of acknowledgement attached and she received no consideration for her execution of the document. Defendant asserts that neither of the parties retained counsel and the attorneys who drafted the Purported Marital Agreement were hired by her parents who could not represent either of the parties as doing so would constitute an unwaivable conflict of interest. Defendant claims that the primary objective of the Purported Marital Agreement was to protect any inherited property that she may have received and, not that she and any children of the parties would be left to fend for themselves while Plaintiff was able to retain assets and earnings accumulated.
Legal Analysis
1. Requests for determination of validity of the Purported Marital Agreement.
With respect to the manner within which trial Courts are to evaluate purported postnuptial agreements, the Appellate Division Second Department has noted:
"An agreement between spouses which is fair on its face will be enforced according to its terms unless there is proof of unconscionability, or fraud, duress, overreaching, or other inequitable conduct" (McKenna v. McKenna, 121 AD3d 864, 865, 994 N.Y.S.2d 381; see Rauso v. Rauso, 73 AD3d 888, 889, 902 N.Y.S.2d 573). " 'Judicial review of separation agreements is to be exercised sparingly, with a goal of encouraging parties to settle their differences on their own' " (Brennan—Duffy v. Duffy, 22 AD3d 699, 699—700, 804 N.Y.S.2d 399, quoting Strangolagalli v. Strangolagalli, 295 AD2d 338, 338, 742 N.Y.S.2d 914). However, " 'courts have thrown their cloak of protection' over postnuptial agreements, 'and made it their business, when confronted, to see to it that they are arrived at fairly and equitably, in a manner so as to be free from the taint of fraud and duress, and to set aside or refuse to enforce those born of and subsisting in inequity' " (Petracca v. Petracca, 101 AD3d 695, 697—698, 956 N.Y.S.2d 77, quoting Christian v. Christian, 42 [*4]NY2d 63, 72, 396 N.Y.S.2d 817, 365 N.E.2d 849). "Thus, '[i]n view of the fiduciary relationship existing between spouses, [postnuptial] agreements are more closely scrutinized by the courts than ordinary contracts' " (Kabir v. Kabir, 85 AD3d 1127, 1127, 926 N.Y.S.2d 158, quoting Cardinal v. Cardinal, 275 AD2d 756, 757, 713 N.Y.S.2d 370).
"A spouse seeking to set aside a postnuptial agreement initially 'bears the burden to establish a fact-based, particularized inequality' " (Petracca v. Petracca, 101 AD3d at 698, 956 N.Y.S.2d 77, quoting Matter of Greiff, 92 NY2d 341, 346, 680 N.Y.S.2d 894, 703 N.E.2d 752). "Where this initial burden is satisfied, a proponent of a postnuptial agreement 'suffers the shift in burden to disprove fraud or overreaching' " (Petracca v. Petracca, 101 AD3d at 698, 956 N.Y.S.2d 77, quoting Matter of Greiff, 92 NY2d at 346, 680 N.Y.S.2d 894, 703 N.E.2d 752)."
(Herkowitz v. Levy, 190 AD3d 835 [2d Dept 2021]).
However, in order for a court to engage in a review of a document in dispute, including documents asserted to be marital agreements, such documents must be presented to the court and when such documents contain non-English language they must comply with New York State Civil Practice Law and Rules (hereinafter "CPLR") § 2101(b) which provides:
"(b) Language. Each paper served or filed shall be in the English language which, where practicable, shall be of ordinary usage. Where an affidavit or exhibit annexed to a paper served or filed is in a foreign language, it shall be accompanied by an English translation and an affidavit by the translator stating his qualifications and that the translation is accurate."
Even when an English language translation of a non-English language document is provided, the affidavit of translator must be provided in appropriate form (Raza v. Gunik, 129 AD3d 700 [2d Dept 2015]; see also, Rosenberg v. Pillar, 116 AD3d 1023 [2d Dept 2014]).
Foreign language documents unaccompanied by the requisite translator's affidavit do not constitute admissible evidence (Heydt-Benjamin v. Heydt-Benjamin, 127 AD3d 814 [2nd Dept 2015]) ("Furthermore, the Supreme Court properly concluded that there was insufficient evidence presented to support the defendant's application for equitable distribution of the plaintiff's pension. The document which the defendant sought to admit to show the existence of a pension was written in German and not accompanied by the requisite translator's affidavit").
Compliance with CPLR § 2101(b) is necessary even in the instance, such as this, when a document contains text in both the English language and in a non-English language (Welenc v. Board of Directors of Polish and Slavic Federal Credit Union, 160 AD3d 683 [2d Dept 2018]) ("Contrary to the Board's contention, it failed to establish, prima facie, that the petition to call a special meeting was invalid due to "discrepancies" between a version of the petition containing paragraphs written in Polish and an English translation submitted by the Board, since the English translation was not accompanied by an affidavit by the translator stating the translator's qualifications and that the translation was accurate (see CPLR 2101[b] ), and thus, did not constitute admissible evidence" (see Rosenberg v. Piller, 116 AD3d 1023, 1025, 985 N.Y.S.2d 250).")
Here, this Court has been presented with the Purported Marital Agreement, which is similar to the subject document in Welenc, Supra, as the Purported Marital Agreement contains [*5]both text in the English language and in a non-English language. Notably, the Purported Marital Agreement itself confirms in a portion of the English language text that contradictions in the English language portion and non-English language portion may exist underscoring the need for an English language Translation, "In case of differences between the German and the English version of this marriage contract," [emphasis added]. Nonetheless, both parties failed to comply with CPLR § 2101(b) by providing an English language translation with affidavit of translator preventing this Court from being able to review the document. Therefore, the Purported Marital Agreement annexed to Motion Sequence No. 1 has no evidentiary value and must be disregarded by this Court preventing further analysis of that document by the Court.
Based upon the submissions made to this Court and the foregoing, Plaintiff's request for the entry of an order enforcing the Purported Marital Agreement, declaring and directing the Purported Marital Agreement valid and enforceable, and directing that the distribution of marital property and separate property shall be in accordance with the terms of the Purported Marital Agreement is denied. Further, Defendant's request for the entry of an order declaring the Marriage Contract of April 12, 2013 (nyscef #56) to be invalid and unenforceable under Domestic Relations Law § 236[B][3] is denied.
2. Plaintiff's request for the entry of an order removing any need for discovery and proceeding with divorce.
Based upon the submissions made to this Court and the foregoing, Plaintiff's request for the entry of an order removing any need for discovery and proceeding with divorce is denied, and the parties are directed to comply with the discovery directives of this Court, including but not limited to, those set forth in the Preliminary Conference Order entered on February 21, 2025 (NYSCEF Doc. No. 41).
3. Plaintiff's Request for the entry of an order granting attorneys' fees.
Pursuant to CPLR § 2214(a) setting forth the manner within which motion papers may be filed by notice of motion, the statute directs:
"a. Notice of motion. A notice of motion shall specify the time and place of the hearing on the motion, the supporting papers upon which the motion is based, the relief demanded and the grounds therefor. Relief in the alternative or of several different types may be demanded."
In reversing a trial court decision granting relief to a litigant that was not included within their motion as a noticed issue, the Appellate Division Second Department noted:
"A court is generally limited to noticed issues that are the subject of the motion before it" (Matter of Banks v. Stanford, 159 AD3d 134, 146, 71 N.Y.S.3d 515; see CPLR 2214[a]; City of New York v. Quadrozzi, 189 AD3d 1344, 1345, 134 N.Y.S.3d 803; DiDonato v. Dyckman, 121 AD3d 638, 640, 993 N.Y.S.2d 375). While a defendant enjoined by a preliminary injunction "may move at any time, on notice to the plaintiff, to vacate or modify it" (CPLR 6314), here, the defendants made no such motion. As to the subject portion of the order dated December 6, 2018, the only noticed application before the Supreme Court was that branch of the plaintiff's motion which was to hold the defendants in civil contempt. The court therefore was without authority to award the defendants the dispositive relief of modifying the preliminary injunction in the absence of a motion by the defendants on notice to the plaintiff (see People ex rel. Lucien v. Superintendent, Fishkill Corr. Facility, N.Y.S. DOCCS, 190 AD3d 863, 865, 140 N.Y.S.3d 547; City of [*6]New York v. Quadrozzi, 189 AD3d at 1345, 134 N.Y.S.3d 803; DiDonato v. Dyckman, 121 AD3d at 640, 993 N.Y.S.2d 375).
(New York Tile Wholesale Corp. v. Thomas Fatato Realty Corp., 205 AD3d 724 [2d Dept 2022]).
Here, Plaintiff's request for an award of attorneys' fees was not set forth within the Notice of Motion filed by Plaintiff and was instead set forth in Plaintiff's Affidavit and Memorandum of Law. Accordingly, on that basis alone this Court must deny the application and as set forth below, even if the relief were noticed correctly pursuant to CPLR § 2214(a), the relief would nonetheless be denied.
It is settled law that an award of counsel fees lies in the sound discretion of the trial court, and the issue "is controlled by the equities and circumstances of each particular case," (Patete v. Rodriguez, 109 AD3d 595, 599 [2d Dept 2013], quoting Morrissey v. Morrissey, 259 AD2d 472, 473 [2d Dept 1999]); see Gruppuso v. Caridi, 66 AD3d 838, 839 [2d Dept 2009]), after the court has taken into account the equities and circumstances of the particular case including the respective financial circumstances of each party, see DRL § 237 (a); (Gagstetter v. Gagstetter, 283 AD2d 393, 395 [2d Dept 2001]), the relative merit of the parties' positions, (see Chesner v. Chesner, 95 AD3d 1252 [2d Dept 2012]; Chaudrv v. Chaudrv, 95 AD3d 1058 [2d Dept 2012]; Perry v. Perry, 88 AD3d 861 [2d Dept 2011]), and whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation, (see Carr-Harris v. Carr-Harris, 98 AD3d 548, 552 [2d Dept 2012]; Quinn v. Quinn, 73 AD3d 887 [2d Dept 2010]; Prichep v. Prichep, 52 AD3d 61, 64-65 [2d Dept 2008]).
When seeking an award of attorneys' fees, parties are required to submit itemized billing statements as proof of the attorneys' fees incurred, both to demonstrate substantial compliance with 22 NYCRR §1400.2 and §1400.3 and to establish the "extent and value of [the] services" rendered (Yakobowicz v. Yakobowicz, 217 AD3d 733 [2d Dept 2023] [internal citations omitted]).
It has been determined that self-represented litigants who decide to represent themselves in matrimonial litigation, including those who are admitted attorneys, are not entitled to recover attorneys' fees for such services (Gorman v. Gorman, 203 AD3d 575 [1st Dept 2022]); see also, Faina P. v. Alexander S., 75 Misc 3d 701, [Kings Sup Ct 2022]; see also, Cruz v. Cruz, 57 Misc 3d 1208(A) [Orange Sup Ct 2017]).
Here, Plaintiff commenced this action as a self-represented litigant and has filed no documentation as to the manner within which he calculates his requested attorneys' fees, nor does he request an amount certain that he seeks to be awarded. Plaintiff merely includes in his Memorandum of Law, "Under New York Domestic Relations Law § 237, the court may award attorneys' fees in matrimonial actions. Given that Plaintiff has been forced to bring this motion to enforce a valid and enforceable Marriage Contract, he should be awarded reasonable attorneys' fees and costs incurred in bringing this motion." Therefore, Plaintiff's request for an award of attorneys' fees is hereby denied.
4. Other Relief.
To the extent relief has been requested that has not been granted or otherwise addressed herein, it is hereby denied.
Based on the foregoing, it is hereby:
ORDERED that Plaintiff's request for the entry of an order enforcing the Purported Marital Agreement, declaring and directing the Purported Marital Agreement valid and enforceable, and directing that the distribution of marital property and separate property shall be in accordance with the terms of the Purported Marital Agreement is denied; and it is further
ORDERED that Plaintiff's request for the entry of an order removing any need for discovery and proceeding with divorce is denied, and the parties are directed to comply with the discovery directives of this Court, including but not limited to, those set forth in the Preliminary Conference Order entered on February 21, 2025 (NYSCEF Doc. No. 41); and it is further
ORDERED that Plaintiff's request for the entry of an order granting Plaintiff an award of attorneys' fees from Defendant is denied; and it is further
ORDERED that Defendant's request for the entry of an order declaring the Marriage Contract of April 12, 2013 (nyscef #56), to be invalid and unenforceable under Domestic Relations Law § 236[B][3] is denied; and it is further 
ORDERED that by March 28, 2025, Defendant's counsel shall serve Plaintiff, by e-mail and NYSCEF filing, a copy of this Decision and Order with Notice of Entry, and by that date shall file proof of service; and it is further
ORDERED that the parties shall appear in person for a Compliance Conference on April 16, 2025, at 9:00 a.m.; and it is further
ORDERED that any relief requested and not decided herein is denied.
This constitutes the decision and order of the Court.
Dated: March 25, 2025
White Plains, New York
ENTER:
HON. JAMES L. HYER, J.S.C.

Footnotes

Footnote 1: The Affidavit of Plaintiff (NYSCEF Doc. No. 55) and Memorandum of Law (NYSCEF Doc. No. 54) request additional relief beyond that requested in the Notice of Motion (NYSCEF Doc. No. 53) being the entry of an order "Awarding Plaintiff reasonable attorneys' fees and costs incurred in bringing this motion." 

Footnote 2: The Affidavit of Plaintiff (NYSCEF Doc. No. 55) also annexed a seven-page document, which Plaintiff filed separately as Exhibit A (NYSCEF Doc. No. 56). 

Footnote 3: NYSCEF Doc. No. 1 ¶ 9.

Footnote 4: In paragraph 9 of the Complaint, Plaintiff refers to a prenuptial agreement; however, as it appears to have been dated after the marriage, if determined to be a valid marital agreement it would constitute a postnuptial agreement.