C.S.P. v D.T.M.
2026 NY Slip Op 03739
June 11, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

C.S.P., Plaintiff-Respondent,
v
D.T.M., Defendant-Appellant.

Decided and Entered: June 11, 2026
Index No. 350045/17|Appeal No. 6889-6889A|Case No. 2024-04757|
Before: Kennedy, J.P., Scarpulla, Friedman, Mendez, Pitt-Burke, JJ.

D.T.M, appellant pro se.
Rottenstreich Farley Bronstein Fisher Potter Hodas LLP, New York (Dan Rottenstreich of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (Douglas E. Hoffman, J.), entered on or about June 24, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff wife's motion to consolidate defendant husband's Family Court child support modification proceeding with the matrimonial action, and upon consolidation, dismissed the modification proceeding without a hearing, and denied the branches of the husband's cross-motion seeking counsel fees and the imposition of sanctions against the wife and her counsel, unanimously affirmed, without costs. Appeal from a supplemental order, same court and Justice, entered on or about July 1, 2024, unanimously dismissed, without costs, as abandoned.
The court providently exercised its discretion in granting the wife's request to consolidate the husband's Family Court petition for downward modification of his support obligation with the matrimonial action. Here, the two proceedings arise out of the same set of operative facts and involve legal issues that have been extensively litigated in Supreme Court, and the husband failed to demonstrate any resulting prejudice (see CPLR 602[b]; Giasemis v Giasemis, 139 AD3d 794, 796-797 [2d Dept 2016]).
The court also properly denied the husband's request for a downward modification of his child support obligation without a hearing, as he failed to make a prima facie showing of a substantial and unanticipated change in circumstances (see McLennan v McLennan, 219 AD3d 1227, 1228 [1st Dept 2023]; Zinger v Robertson, 217 AD3d 471, 472 [1st Dept 2023]; Weinig v Weinig, 198 AD3d 470, 470 [1st Dept 2021]). Here, the husband filed his modification petition within a month of the entry of the judgment of divorce, yet failed to allege, with any specificity, how his financial circumstances had materially changed during that brief period. Moreover, the motion court properly noted that the husband failed to address the impact of the substantial assets he received in equitable distribution on his ability to satisfy his support obligation or generate income (see Matter of Scott S. v Stefanie L., 189 AD3d 651, 651 [1st Dept 2020]).
The court providently exercised its discretion in denying the husband's request for counsel fees, given the totality of the circumstances, including the relative financial positions of the parties and the merits of their respective positions (see DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]; see also Gorman v Gorman, 203 AD3d 575, 577 [1st Dept 2022]) and his request for sanctions pursuant to 22 NYCRR 130-1.1 (see Suzuki v Greenberg , 220 AD3d 604, 605 [1st Dept 2023], lv denied 41 NY3d 908 [2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2026